DEBRA ANNE KARP v. UNIVERSITY OF NORTH CAROLINA

No. 8510IC380

(Filed 3 December 1985)

**Evidence § 36— interrogatories signed by attorney — admissions of party opponent**

> The Industrial Commission erred in a tort claim action pursuant to N.C. G.S. 143-291 *et seq.* by excluding answers to interrogatories which were not verified but which were signed by the Assistant Attorney General representing defendant. Admissions of attorneys are binding on their clients. N.C.G.S. 1A-1, Rule 33(b).

APPEAL by plaintiff from a decision and order of the North Carolina Industrial Commission. Order entered 6 February 1985. Heard in the Court of Appeals 23 October 1985.

Karp v. University of North Carolina

This is a tort claim action pursuant to G.S. 143-291 *et seq.* wherein the plaintiff seeks to recover for injuries suffered during a fall at the art lab building owned and operated by the defendant. In November 1980, the plaintiff was enrolled as a student at the University of North Carolina at Chapel Hill. While walking across the art lab building patio to her art class she fell through a wooden platform which had been built to cover a foundry pit. During the fall she suffered puncture wounds to her face.

Plaintiff filed a claim alleging that her fall was caused by the negligent construction of the platform. During discovery the plaintiff sent interrogatories to defendant with questions regarding the construction of the platform. In its answers the defendant described the construction of the platform and indicated that it was designed to hold 20 pounds per square foot. The answers to the interrogatories were not verified but they were signed by the Assistant Attorney General who was representing the defendant. Prior to a hearing on the claim the parties stipulated that "all pleadings in this action may be admitted into evidence by either party."

At the hearing, plaintiff presented evidence regarding the fall. She also presented evidence from an expert witness in building design and architecture who testified that under the regulations of the North Carolina Building Code the platform should have been constructed to bear between 100 or 125 pounds per square foot. Plaintiff then attempted to offer the defendant's answers to interrogatories into evidence pursuant to the stipulations. When this attempt failed plaintiff sought to offer the answers as an admission of a party opponent. The Deputy Commissioner again refused to admit the answers into evidence. Defendant offered no evidence.

The Deputy Commissioner found that the plaintiff had failed to prove her case and denied recovery. The plaintiff appealed to the Full Commission which adopted the opinion of the Deputy Commissioner. From this order, plaintiff appealed.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill & Hargrave, by Roger B. Bernholz and G. Nicholas Herman, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney Randy Meares, for defendant appellee.*

ARNOLD, Judge.

The issue dispositive of this appeal is whether it was error to refuse to admit into evidence the defendant's answers to the interrogatories. We hold that it was error, and remand the case for further proceedings.

Rule 33(b) of the Rules of Civil Procedure in pertinent part provides: "Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the extent permitted by the rules of evidence." Statements of a party to an action, spoken or written, have long been admissible against that party as an admission if it is relevant to the issues and not subject to some specific exclusionary statute or rule. *Stone v. Guion*, 222 N.C. 548, 23 S.E. 2d 907 (1943); 2 *Brandis on North Carolina Evidence* § 167 (1982). This is still the case under the new Rules of Evidence. *See* Rule 801(d) of the North Carolina Rules of Evidence. In North Carolina admissions of attorneys are binding upon their clients, and are generally conclusive. *Reynolds v. Reynolds*, 208 N.C. 578, 182 S.E. 341 (1935).

Thus, it appears that the answers to the interrogatories, duly signed by defendant's attorney, were admissions of a party opponent, and as such should have been admitted into evidence. The order appealed from is, therefore, reversed, and this cause is remanded to the Industrial Commission for the proper admission into evidence of the answers to the interrogatories and for the consideration of plaintiff's claim based upon all the properly presented evidence.

Reversed and remanded.

Judges WELLS and MARTIN concur.