IN THE MATTER OF: DAVID GOLIA-PALADIN, Appellant, Applicant to the North Carolina Bar by Comity to the Board of Law Examiners

(Board of Law Examiners, Appellee)

No. 190A89

(Filed 26 July 1990)

1. **Attorneys at Law § 9 (NCI4th)— admission to N. C. Bar by comity—denial of withdrawal of application after hearing**

The Board of Law Examiners did not err in refusing to permit appellant to withdraw his application for admission to the North Carolina bar by comity after the close of all the evidence at the hearing.

**Am Jur 2d, Attorneys at Law § 22.**

2. **Attorneys at Law § 10 (NCI4th)— denial of admission to N. C. Bar by comity**

The Board of Law Examiners properly denied appellant's application for admission to the North Carolina bar by comity on the ground that he failed to show that he was actively and substantially engaged in the practice of law in New York for four out of the six years immediately preceding the filing of his application where the applicant failed to report any income from the practice of law during four of those years, and during times that the applicant was purportedly practicing law out of his home, he had no secretary, no separate business checking account, and no trust account.

**Am Jur 2d, Attorneys at Law § 22.**

ON appeal of right pursuant to Section .1405 of the Rules Governing Admission to the Practice of Law in the State of North Carolina from an order of *Bailey, J.,* entered 16 December 1988 in Superior Court, WAKE County, which affirmed the 10 December 1986 order of the Board of Law Examiners denying the applicant's application for admission to the North Carolina bar by comity. Heard in the Supreme Court 13 December 1989.

*Loflin & Loflin, by Thomas F. Loflin, III, for the appellant David Golia-Paladin.*

*Lacy H. Thornburg, Attorney General, by John F. Maddrey, Assistant Attorney General, for the appellee The Board of Law Examiners of the State of North Carolina.*

**IN RE GOLIA-PALADIN**

[327 N.C. 132 (1990)]

MARTIN, Justice.

David Golia-Paladin, the appellant, raises several issues on this appeal, but we find it necessary to discuss only two in this opinion. We conclude that the superior court properly affirmed the order of the Board of Law Examiners denying appellant's application for admission to the North Carolina bar by comity.

The evidence in brief showed that applicant was graduated from Tulane School of Law in 1973. In 1975, he sat for the California bar examination, passing the multi-state and ethics parts of the exam but failing the written part. He has never been licensed to practice law in California. After failing the New York bar examination twice, applicant was successful the third time and became, and is now, a member of the bar of the State of New York in November of 1978.

Applicant worked for West Publishing Company until the summer of 1979 and that summer worked as a ranger at the Fire Island National Seashore. In the fall of 1979, he began practicing law with an office in his home at Mineola, New York. He did not have a secretary, office telephone, a trust account or a business checking account separate and apart from his personal account. He continued to practice until the spring of 1980 when he went to Alaska to work as a park ranger. He returned to Mineola in October of 1980, practicing as before. From May 1981 to March 1982, applicant worked as a prosecutor of misdemeanor charges before the magistrate in Sequoia and Yosemite National Parks in California. In the spring of 1982, the applicant returned to Mineola and resumed the practice of law as before. For most of 1982 applicant's practice was limited to unpaid volunteer work for indigent defendants. In 1983, he became qualified for appointment as paid counsel for indigents. His practice in this fashion continued until July 1985, although he began to appear in the criminal courts in Manhattan.

Of the six income tax returns offered by the applicant, only the years 1983 and 1984 showed any income from his practice. Income for the other years was listed as wages and salaries.

[1] After the close of all the evidence at the hearing, applicant sought to withdraw his application. Although there was debate as to whether he positively moved to withdraw his application,

**IN RE GOLIA-PALADIN**

[327 N.C. 132 (1990)]

the Board considered it as a motion to withdraw the application and denied it.

We first address the issue of whether the Board erred in denying the applicant's motion to withdraw his application. Applicant first argues that he wanted to withdraw the application before the hearing began. The transcript does not support his argument. It shows that applicant was only interested in knowing whether the time he spent as a prosecutor in the national parks would count as "practice of law" under the comity requirements. The record prior to the commencement of the testimony contains nothing indicating applicant's desire to withdraw the application. The applicant is a member of the bar of New York; surely he could have plainly moved to withdraw his application if he had so desired. We find no merit in this argument.

After the completion of all the evidence, applicant raised the question of whether the Board would count the time he "practiced out in California," and that if not, he wanted to withdraw his application. He further stated he wanted to resubmit his application without going through the application process again. Board Chairman Michaux responded that the Board would have to decide whether applicant had sufficient time in practice and whether he could withdraw his application after the completion of the hearing. Applicant then stated, "[I]n any event, if you're not going to consider that as time includable, then I would want to withdraw."

At best, applicant's request to withdraw was conditioned on the Board's decision as to whether it would include the time he spent with the Park Service in California to satisfy the practice requirement, and also whether he could reapply without going through the whole application procedure again. The Board denied applicant's request to withdraw his application, and the superior court held that the Board did not abuse its discretion in so doing. We affirm the superior court. It is evident that the applicant only wanted to withdraw his application if the Board decided against him with respect to the use of his "California practice" to satisfy the length of practice requirement. The Board gave full consideration to applicant's requests before denying them. Guided by the whole record test, we cannot say as a matter of law that the Board abused its discretion.

[2] Next, applicant contends that the Board erred in holding that he had not carried the burden of proof to show he had actively

and substantially practiced law in the State of New York for four out of the six years next preceding the filing of his application. We disagree. This is an essential requirement for admission to the bar of this state by comity. Section .0502(3) of the Rules Governing Admission to the Practice of Law in the State of North Carolina, promulgated pursuant to N.C.G.S. § 84-14 (1985).

Not only must applicant show the length of time he practiced law, he must further show that his practice was both active and substantial. The Board found the following facts among others: Applicant was admitted to the bar of the State of New York in 1978. From December 1976 to July 1979, applicant was employed by West Publishing Company as an editor which did not require a law license. From June 1979 through September 1979, he was employed as a park ranger which also did not require a law license. From October 1979 to May 1980, applicant engaged in the practice of law out of his home in Mineola, New York. He had no secretary during this period of time. He had no separate trust or business account and ran his business and private finances through his personal checkbook. His 1980 income tax return listed only wages, salary and tips as income for the year 1980 in the amount of $4,390. From May 1980 until September 1980, applicant worked as a park ranger in Alaska. This work did not constitute the practice of law. In October 1980, applicant returned to New York and again practiced law from an office within his home until April 1981. During this time, he again had no secretary, no separate business checking account, and no trust account. His income, according to his 1981 tax return, was listed as wages, salary and tips of $9,692. From April 1981 through March 1982, applicant worked in Sequoia and Yosemite National Parks in California as a representative of the Park Service in the magistrate's court to prosecute violations which occurred in the parks. In April 1982, applicant returned to New York again to practice in Mineola. During this period he worked as a volunteer in the representation of indigent criminal defendants. Again, he practiced law out of his home without a secretary and without trust accounts or a separate business account. His income reported on his 1982 income tax return was listed as wages, salary and tips of $5,531. In 1983, according to his tax return, he received $7,752 in earned income and in 1984, $5,915.

Based upon the evidence before it, the Board found that applicant had failed to show that he was actively and substantially

**IN RE GOLIA-PALADIN**

[327 N.C. 132 (1990)]

engaged in the practice of law in New York for four out of the six years immediately preceding the filing of his application.

Applying the whole record test, we find that there is substantial evidence in the record to support the facts found by the Board and that these findings support the Board's conclusions. *See In re Legg*, 325 N.C. 658, 386 S.E.2d 174 (1989). While the amount of the applicant's income from his law practice is not solely dispositive of the issue of the substantiality of his practice, it is relevant in the determination of this issue. The crucial factors supporting the Board's findings were the applicant's lack of proper business accounts and records. No professional bank account was maintained. He had no trust account and the physical facilities supporting his practice were at best meager. The applicant's failure to report any income from the practice of law during the years 1979, 1980, 1981 and 1982 amply supports the Board's conclusion with respect to the applicant's failure to show that he had engaged in an active and substantial practice of the law during these years. Having concluded that the applicant failed to satisfy the Board of his compliance with this requirement, the Board had a duty to deny the application. *Baker v. Varser*, 240 N.C. 260, 82 S.E.2d 90 (1954). We hold that the superior court correctly affirmed the holding of the Board that the applicant had failed to prove that he had engaged in the active and substantial practice of law for the requisite time period.

Based upon the foregoing holdings, we do not find it necessary to decide the remaining issues presented by this appeal. The above discussed holdings are sufficient to support the order of the Board denying applicant's application for admission by comity to the bar of the State of North Carolina. We therefore affirm the judgment of the Superior Court of Wake County.

Affirmed.