IN THE MATTER OF: DAVID GOLIA-PALADIN, APPELLANT, APPLICANT TO THE NORTH CAROLINA BAR BY COMITY

No. 61A96

(Filed 31 July 1996)

1. **Attorneys at Law § 12 (NCI4th)— comity applicant denied—character grounds—notice of questions to be asked at hearing**

A bar applicant whose application to the North Carolina Bar by comity was denied on character and fitness grounds was given adequate notice of the questions he was to be asked at his hearing before the Board of Law Examiners. The notice of hearing provided that the applicant had the burden of satisfying the Board that he had met all of the requirements of Section .0502 of the Rules Governing Admission to the Practice of Law in order to be licensed by comity and that inquiry could be made about the answers to any questions set out in the application.

**Am Jur 2d, Attorneys at Law § 15.**

IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

Failure to pay creditors as affecting applicant's moral character for purposes of admission to the bar. 4 ALR4th 436.

Falsehoods, misrepresentations, impersonations, and other irresponsible conduct as bearing on requisite good moral character for admission to bar. 30 ALR4th 1020.

Conditioning reinstatement of attorney upon reaffirmation of debt discharged in bankruptcy. 39 ALR4th 586.

2. Attorneys at Law § 12 (NCI4th)— comity application denied on fitness grounds—prior denial on practice grounds

There was no error in the denial of an application to the North Carolina Bar by comity on character grounds where the applicant contented that the Board of Law Examiners' determination in an earlier application that this applicant failed to demonstrate the required character and fitness was upheld by the North Carolina Supreme Court. The Court specified in *In re Golia-Paladin*, 327 N.C. 132, that its decision was based solely on the applicant's failure to demonstrate that he met the practice requirements for comity admission and nothing in the Board's statement in this application suggests that the Court upheld the previous determination of bad character. Even if that had been suggested, the applicant has not indicated the relief to which he would be entitled.

Am Jur 2d, Attorneys at Law § 15.

Failure to pay creditors as affecting applicant's moral character for purposes of admission to the bar. 4 ALR4th 436.

Falsehoods, misrepresentations, impersonations, and other irresponsible conduct as bearing on requisite good moral character for admission to bar. 30 ALR4th 1020.

Conditioning reinstatement of attorney upon reaffirmation of debt discharged in bankruptcy. 39 ALR4th 586.

3. Attorneys at Law § 13 (NCI4th)—comity application to Bar—denied on character grounds—failure to disclose material matters

The Board of Law Examiners did not err in denying a comity application on character grounds by finding that the applicant

IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

failed to fully disclose material matters and made numerous untruthful statements about the number of times he had sat for various bar examinations, and that these statements had the effect of misleading and deceiving the Board. The Board's determination that the applicant's omissions evidence a lack of fairness and candor in dealing with the Board was reasonable based on the evidence, and the applicant's cavalier attitude toward gathering the information it was his duty to supply to the Board constitutes additional evidence from which the Board could conclude that his misstatements and omissions were purposeful.

**Am Jur 2d, Attorneys at Law § 15.**

**Failure to pay creditors as affecting applicant's moral character for purposes of admission to the bar. 4 ALR4th 436.**

**Falsehoods, misrepresentations, impersonations, and other irresponsible conduct as bearing on requisite good moral character for admission to bar. 30 ALR4th 1020.**

**Conditioning reinstatement of attorney upon reaffirmation of debt discharged in bankruptcy. 39 ALR4th 586.**

4. **Attorneys at Law § 12 (NCI4th)— comity application rejected—failure to provide documents relating to lawsuit by applicant**

The Board of Law Examiners did not err in rejecting a comity application on character grounds by determining that the applicant willfully failed to provide to the Board material documents concerning a class action lawsuit applicant brought against the New York State Grievance Committee and its members. Although the applicant contends that the complaint, which was provided, was the only pleading of substance and that the other matters in no way reflect upon his character or fitness to practice law, it is for the Board to determine whether an applicant's omission from his bar application is purposeful and whether that omission is sufficiently substantial to rebut the applicant's *prima facie* showing of good character. Here, the failure to disclose additional documents relating to the federal court litigation falls squarely within the Rules and the Board properly relied upon the failure to supply copies of the federal proceedings in denying the applicant a license.

**Am Jur 2d, Attorneys at Law § 15.**

Failure to pay creditors as affecting applicant's moral character for purposes of admission to the bar. 4 ALR4th 436.

Falsehoods, misrepresentations, impersonations, and other irresponsible conduct as bearing on requisite good moral character for admission to bar. 30 ALR4th 1020.

Conditioning reinstatement of attorney upon reaffirmation of debt discharged in bankruptcy. 39 ALR4th 586.

5. **Attorneys at Law § 12 (NCI4th)— comity application to Bar denied—lack of fairness and candor**

The Board of Law Examiners did not err in denying a comity application on character grounds by concluding that the applicant's denial of the charge in a New York zoning action that he resided in the basement of his New York office displayed "a lack of fairness and candor with the Court and had a tendency to deceive." Residency is a material issue in a comity application and it was in applicant's best interest to represent to the Board that he had continuously maintained a New York residence; however, when sued for violating the zoning ordinance, the applicant denied that he used his New York property as a residence and subsequently amended his North Carolina Bar application to avoid the appearance of a conflict. The Board had the opportunity to observe the applicant's demeanor during the hearing and its conclusion appears reasonable from the evidence.

Am Jur 2d, Attorneys at Law § 15.

Failure to pay creditors as affecting applicant's moral character for purposes of admission to the bar. 4 ALR4th 436.

Falsehoods, misrepresentations, impersonations, and other irresponsible conduct as bearing on requisite good moral character for admission to bar. 30 ALR4th 1020.

Conditioning reinstatement of attorney upon reaffirmation of debt discharged in bankruptcy. 39 ALR4th 586.

6. **Attorneys at Law § 12 (NCI4th)— comity application to Bar—denied on character grounds— action by applicant not illegal**

The State Bar did not err by denying a comity application on character grounds where the applicant contends that he was per-

IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

mitted to assert a temporary position as a defendant in a zoning case in order to improve his chances where the position asserted was not illegal. It has been held that an evidentiary showing rising to the level of a criminal offense or civil liability is not necessary in a Board proceeding to determine an applicant's moral fitness to practice law in North Carolina; material false statements can be sufficient to show that an applicant lacks the requisite character and general fitness for admission to practice law.

**Am Jur 2d, Attorneys at Law § 15.**

**Failure to pay creditors as affecting applicant's moral character for purposes of admission to the bar. 4 ALR4th 436.**

**Falsehoods, misrepresentations, impersonations, and other irresponsible conduct as bearing on requisite good moral character for admission to bar. 30 ALR4th 1020.**

**Conditioning reinstatement of attorney upon reaffirmation of debt discharged in bankruptcy. 39 ALR4th 586.**

Appeal of right pursuant to Section .1405 of the Rules Governing Admission to the Practice of Law in the State of North Carolina from an order of Bullock, J., entered 27 July 1995 in Superior Court, Wake County, which affirmed the 25 January 1993 order of the Board of Law Examiners denying the applicant's application for admission to the North Carolina Bar by comity. Heard in the Supreme Court 15 May 1996.

*Loflin & Loflin, by Thomas F. Loflin III, for applicant-appellant.*

*Michael F. Easley, Attorney General, by John F. Maddrey, Assistant Attorney General, for respondent-appellee The Board of Law Examiners of the State of North Carolina.*

WHICHARD, Justice.

Applicant David Golia-Paladin, a 1973 graduate of Tulane School of Law, applied for admission to the North Carolina Bar by comity. He had been admitted to practice law in New York in 1978. A panel of the Board of Law Examiners of the State of North Carolina ("Board") denied the application on character and fitness grounds. Following applicant's unsuccessful appeal to the full Board, he appealed the

## IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

Board's determination to Superior Court, Wake County. On 27 July 1995, the Honorable Stafford Bullock entered an order affirming the Board's 25 January 1993 order. Applicant appeals to this Court, assigning as error several of the Board's findings of fact and conclusions of law. Having reviewed the entire record, we conclude that the Board's determination that applicant does not possess the requisite character and fitness to practice law in North Carolina was supported by competent evidence and is therefore affirmed.

The Board found as a fact that applicant failed to fully and completely disclose the number of times he had applied to take a bar examination in other states. Applicant had failed to disclose that he sat for the New Mexico Bar Examination in 1973. Further, although he had registered to take the California Bar Examination twenty-four times and had failed the examination eighteen times, applicant stated in his application that he had registered "at least fifteen or sixteen times" and actually took the examination "ten or twelve times more or less."

The Board additionally determined that applicant was named as the defendant in a civil action filed in December 1987 in New York. In that action, applicant was alleged to have allowed the cellar in his Mineola, New York, office to be used or occupied as a living or sleeping area in violation of the zoning code. In an affidavit and answer, applicant disclaimed his use of the premises as a residence. However, this disclaimer was inconsistent with his response to question 6 on his North Carolina Bar application, which indicated that he had maintained a residence from June 1978 to the present at his New York address. Applicant subsequently amended his Bar application to state that he had not resided at the Mineola address from 17 December 1987 to 14 March 1988. The Board found that this amendment displayed a lack of candor. Because applicant had preexisting plans to spend the holidays in North Carolina, his departure from New York on 17 December 1987 did not interrupt or terminate his New York residency. Rather, applicant's actions amounted to a "convenient adoption of a temporary position for self-serving purposes in a legal matter rather than a genuine intention to terminate permanently his New York residence."

Finally, the Board determined that applicant had not provided copies of all relevant and material documents from a lawsuit in which he was a party. For all these reasons, the Board denied applicant's application for a license to practice law in North Carolina by comity.

IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

The trial court affirmed the Board's decision, concluding that the Board's findings of fact were supported by competent evidence and that its conclusions of law were supported by the findings of fact.

[1] Applicant initially argues that he was given inadequate notice about the nature of the questions he was to be asked at his hearing before the Board. He asserts that the notice of hearing he received failed to apprise him of the possibility that he would be accused of misleading and failing to be candid with the Board. He further contends that the notice of hearing was inadequate because it did not advise him in advance of "the specific statements the Board was alleging to be untruthful."

The notice of hearing provided that applicant had the burden of satisfying the Board that he had met all of the requirements of Section .0502 of the Rules Governing Admission to the Practice of Law ("Rules") in order to be licensed by comity. The notice further stated that applicant should "be advised that inquiry can also be made about the answers to any questions set out in the application." Therefore, applicant cannot assert that the Board failed to provide him with due process due to a purported inadequacy of notice concerning the matters addressed at his full Board hearing. This assignment of error is overruled.

[2] Applicant next contests the Board's assertion that its 1986 determination that applicant had failed to demonstrate he possessed the character and fitness required for admission to the Bar was upheld by this Court in *In re Golia-Paladin*, 327 N.C. 132, 393 S.E.2d 799 (1990). In its 25 January 1993 order, the Board noted that in 1986, it had found that applicant failed to prove (1) that he possessed the requisite character and fitness to be admitted to the practice of law in North Carolina, and (2) that he met the practice requirements for comity admission. The Board then noted that its 1986 order "denying the Applicant's 1985 comity admission application was ultimately affirmed on appeal." In affirming the Board's denial of applicant's admission, this Court specified that its decision was based solely on applicant's failure to demonstrate that he met the practice requirements for comity admission. *Id.* at 136, 393 S.E.2d. at 801. Contrary to applicant's assertion, nothing in the Board's statement in its 1993 order suggests that this Court upheld the Board's previous determination that applicant was of bad character. Even if the statement had so suggested, applicant has not indicated to what relief he would be entitled. This assignment of error is overruled.

**[3]** Applicant next contends that the Board erred in finding (1) that he "failed to fully disclose material matters" and "made numerous untruthful statements" about the number of times he sat for various bar examinations, and (2) that these statements had the effect of misleading and deceiving the Board. In his application for admission to the North Carolina Bar, applicant stated the number of times he had registered for and taken the California Bar Examination:

> Since I first signed up for it 17 years ago, to be on the safe side, I would have to guess I have signed up for it at least 15 or 16 times, and taken it maybe ten or twelve times more or less.

At applicant's request, the California Bar notified the Board that applicant had actually registered for the California Bar Examination on twenty-four occasions and sat for the examination eighteen times. Thus, applicant contends, the Board was fully apprised of the number of times he had registered for and taken the California examination, and his statements neither misled nor deceived the Board. Applicant additionally contends that the Board incorrectly determined that he lied in 1986 when he was asked when he had taken his first bar examination. Applicant had responded, "I sat in California, I think it was, I'm not sure, '74 or '75." He corrected this answer in his present application by disclosing that he sat for the New Mexico Bar Examination in 1973.

When reviewing decisions of the Board of Law Examiners, this Court employs the whole record test. *In re Legg*, 325 N.C. 658, 669, 386 S.E.2d 174, 180 (1989), *cert. denied*, 496 U.S. 906, 110 L. Ed. 2d 270 (1990). Under this test, there must be substantial evidence supporting the Board's findings of fact and conclusions of law. *Id.* "Substantial evidence" has been defined as relevant evidence which a reasonable mind, not necessarily our own, could accept as adequate to support a conclusion. *In re Moore*, 308 N.C. 771, 779, 303 S.E.2d 810, 815-16 (1983).

Where an applicant fails to provide full and complete information on his bar examination application, the Board must first determine whether the applicant made these omissions purposefully. If the Board determines that the omissions were purposeful, it must then decide whether the omissions " 'so reflect on the applicant's character that they are sufficient to rebut his prima facie showing of good character.' " *Legg*, 325 N.C. at 672, 386 S.E.2d at 182 (quoting *In re Moore*, 301 N.C. 634, 641, 272 S.E.2d 826, 831 (1981)). Here, the Board determined that applicant's omissions evidenced a lack of fairness

IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

and candor in dealing with the Board. This determination was reasonable based on the evidence. Applicant is an attorney who had previously applied for admission to the North Carolina Bar by comity and was thus familiar with the application process and the need for accuracy and thoroughness in his responses. In his answer to question 30 concerning his bar examination history, applicant stated:

> So how many times have I signed up for the New York exam? Three to the best of my memory. As to dates I have no idea. The same is true for the California exam. . . . If information relating to this is critical to the North Carolina examiners, I invite you to make inquiry.

Applicant's cavalier attitude toward gathering the information it was his duty to supply to the Board constitutes additional evidence from which the Board could conclude that his misstatements and omissions were purposeful. Such misstatements and omissions are relevant to applicant's fitness to practice law in North Carolina, for "[a]n applicant who fails to exhibit care in the submission of a document essential to his admission to the practice of his chosen career is unlikely to exhibit any greater degree of care during the course of client representation." *Id.* at 673, 386 S.E.2d at 183. This assignment of error is overruled.

[4] Applicant next assigns as error the Board's determination that he willfully failed to provide to the Board material documents concerning a class action lawsuit applicant brought against the New York State Grievance Committee and its members. At the time he submitted his North Carolina Bar application, applicant listed, in response to question 17, all lawsuits in which he had been a party. Following the institution of his lawsuit against the Grievance Committee, applicant supplemented his response to question 17. However, applicant submitted to the Board only the complaint in that action; he did not provide copies of the defendants' motion to dismiss for improper venue, or the stipulation between applicant and the New York Office of the Attorney General that certain parties be dropped from the lawsuit, or the court order transferring the case from the United States District Court for the Southern District of New York to the Eastern District. Applicant contends that his complaint was the only pleading of substance in the case and that the other matters in no way reflect upon his character or fitness to practice law.

As noted above, it is for the Board to determine whether an applicant's omission from his bar application is purposeful and, if so,

### IN RE GOLIA-PALADIN

[344 N.C. 142 (1996)]

whether that omission is sufficiently substantial to rebut the applicant's *prima facie* showing of good character. Applicant's failure to disclose additional documents relating to his federal court litigation falls squarely within Section .0603 of the Rules, which provides that no one shall be licensed to practice law in North Carolina

> who fails to disclose fully to the board, whether requested to do so or not, any and all facts relating to any civil or criminal proceedings, charges or investigations involving the applicant, whether the same have been terminated or not in this or any other state or in any of the federal courts or other jurisdictions.

The Board properly relied upon applicant's failure to supply the Board with copies of the proceedings in his federal litigation as a basis for denying applicant a license to practice law. This assignment of error is overruled.

[5] Applicant next disputes the Board's conclusion of law that his denial of the charge that he resided in the basement of his New York office displayed "a lack of fairness and candor with the Court and had a tendency to deceive." Because the complaint in that action stated that applicant "uses or permits the use of" the cellar as living quarters, yet applicant did not reside there at the time he received the complaint, applicant argues that he had a right to deny that allegation and that such denial in fact amounted to "good lawyering."

Residency is a material issue in a comity application to the North Carolina Bar because the Rules require that an applicant prove an active and substantial legal practice while he or she is physically present in a state having reciprocity with North Carolina. It was thus in applicant's best interest to represent to the Board that he had continuously maintained a New York residence. However, when he was sued by the Village of Mineola for violating the zoning ordinance, applicant denied that he used his New York property as a residence and subsequently amended his North Carolina Bar application to avoid the appearance of a conflict. The Board specifically rejected applicant's argument that his denial of the Village's charges and his quibbling over verb tenses represented "good lawyering." As the Board had the opportunity to observe applicant's demeanor during the hearing and its conclusion appears reasonable from the evidence, that conclusion must stand. *See Moore*, 308 N.C. at 780-81, 303 S.E.2d at 816. This assignment of error is overruled.

**[6]** In his final assignment of error, applicant contends that in defending himself against the Village of Mineola, he was permitted to "assert a temporary position in order to improve his chances of winning a suit where the position asserted [was] not illegal." Further, because he has not committed any criminal offenses and because the Board's order did not specify which provisions of the Code of Professional Responsibility applicant violated, applicant argues that this Court should reverse the Board and direct it to grant applicant a comity license.

This Court has held that while an applicant's conversion of funds owed to a private investigator "did not necessarily rise to the level of a criminal offense or civil liability, such an evidentiary showing is not necessary in a Board proceeding to determine an applicant's moral fitness to practice law in North Carolina." *Legg*, 325 N.C. at 670, 386 S.E.2d at 181. Material false statements can be sufficient to show that an applicant lacks the requisite character and general fitness for admission to the practice of law. *Id.* at 672, 386 S.E.2d at 182. Here, the Board determined that applicant's statements regarding his New York residency were untruthful and misleading and had a significant bearing upon his character and fitness. The Board, as an instrument of the State, has "wide freedom to gauge on a case-by-case basis the fitness of an applicant to practice law," *In re Griffiths*, 413 U.S. 717, 725, 37 L. Ed. 2d 910, 917 (1973), and nothing in the record indicates that the Board's decision resulted from an arbitrary, capricious, or erroneous performance of its duties.

For the foregoing reasons, we affirm the Order of the Superior Court, Wake County, which affirmed the Board's 25 January 1993 decision denying applicant's application for admission to the North Carolina Bar by comity.

AFFIRMED.