IN THE MATTER OF: CAROLYN A. GORDON, APPLICANT TO TAKE THE FEBRUARY 1998 NORTH CAROLINA BAR EXAMINATION

No. 20A00

(Filed 13 July 2000)

**1. Attorneys— Bar applicant—findings of Board—substantial evidence**

Although the North Carolina Board of Law Examiners' findings that petitioner committed three specific acts of misconduct while licensed in California arguably conflict with her statements at the hearing and with factual findings in the Agreement in Lieu of Discipline (ALD) she entered into pursuant to the California Code, the whole record test reveals the trial court did not err in upholding the Board's decision to deny petitioner's application for admission to the February 1998 North Carolina Bar Exam because: (1) the Board may elect to reject in whole or in part the statements made by any witness at the hearing; (2) the ALD contained petitioner's unequivocal admission that she willfully violated three Rules of Professional Conduct, which standing alone

**IN RE GORDON**

[352 N.C. 349 (2000)]

is sufficient to constitute substantial evidence in support of the Board's findings of fact and conclusions of law; and (3) petitioner's testimony before the Board and the unequivocal ALD admission also constitute substantial evidence that she committed other alleged acts of misconduct.

### 2. Attorneys— Bar applicant—character—burden of proof on applicant

The North Carolina Board of Law Examiners did not err in concluding that petitioner failed to carry her burden of establishing that she possessed the requisite qualifications of character and general fitness for an attorney and counselor-at-law, based on her prior acts of misconduct while licensed in California, because: (1) petitioner admitted violating three ethical rules when she executed an Agreement in Lieu of Discipline (ALD) in California, and her testimony revealed she was aware that by signing the document she was bound by her admission; (2) when questioned regarding the acts of misconduct, petitioner continued to maintain her innocence notwithstanding her unambiguous admission in the ALD; and (3) there is substantial evidence in the record to support the Board's determination that petitioner committed the three acts of misconduct.

Appeal of right pursuant to section .1405 of the Rules Governing Admission to the Practice of Law in the State of North Carolina from an order of LaBarre, J., filed 16 December 1999 in Superior Court, Wake County, affirming the 29 October 1998 order of the Board of Law Examiners denying petitioner's application to take the February 1998 North Carolina Bar Examination. Heard in the Supreme Court 15 May 2000.

*Harry H. Harkins, Jr., for petitioner-appellant.*

*Michael F. Easley, Attorney General, by Robert O. Crawford, III, Special Deputy Attorney General, for respondent-appellee North Carolina Board of Law Examiners.*

MARTIN, Justice.

Carolyn A. Gordon (petitioner) graduated from Southwestern University School of Law in May 1990 and gained admittance to the California State Bar (California Bar) in June 1991. From June 1994 until April 1997, petitioner worked as in-house general counsel for Alliance Affiliated Companies (Alliance), a group of closely held com-

panies which provided, among other things, estate-planning and insurance services. Through direct mail, referrals, and telemarketing, Alliance offered packages of estate-planning documents to customers for a flat fee. As part of Alliance's marketing approach, a sales representative visited the customer's home to obtain information necessary to execute legal documents.

In 1995 the California Bar received a complaint alleging that petitioner had violated various provisions of the California Business and Professions Code (California Code) and the California Rules of Professional Conduct (California Rules). The California Bar reviewed these allegations and determined that there were insufficient grounds for disciplinary action.

In July 1996 petitioner, along with her employer, Alliance, its principals, and other in-house counsel, was named as a defendant in a civil suit. The plaintiffs were the People of the State of California and the California Bar. The plaintiffs alleged that petitioner and the other defendants had engaged in misleading statements, unfair competition, and the unauthorized practice of law with respect to the marketing and preparation of living trusts. These alleged violations implicated various provisions of the California Rules and the California Code. In April 1997 petitioner entered into a settlement agreement and was dismissed from the lawsuit. The settlement agreement prevented her from suing the plaintiffs and provided that her actions were still subject to review by the California Bar.

On 27 June 1997 petitioner entered into an "Agreement in Lieu of Discipline" (ALD) pursuant to the California Code. Petitioner acknowledged within the ALD that she violated California Rules 1-300(A), 3-110(A), and 3-310. The ALD contained both stipulated facts and an ultimate conclusion of law that petitioner had violated three specific rules of professional conduct. The ALD required petitioner, during a two-year period, to (1) report periodically to the probation unit of the California Bar, (2) complete continuing legal education in legal ethics, (3) complete the State Bar Ethics School, and (4) refrain from specified acts. As required, petitioner reported periodically and attended the ethics school. Furthermore, she resigned from her employment with Alliance.

In August 1997 petitioner moved to North Carolina. On 3 November 1997 she applied to the North Carolina Board of Law Examiners (Board) to take the February 1998 North Carolina bar examination (exam). Petitioner was permitted to take the exam with

the results sealed, pending a determination by the Board as to her character and fitness.

On 14 October 1998 petitioner appeared before the Board to present evidence supporting her qualifications of character and general fitness to practice law in North Carolina. On 29 October 1998 the Board denied her application for admission to the exam. In its order, the Board waived the general waiting period of section .0605 of the Rules Governing Admission to the Practice of Law in the State of North Carolina (Admission Rules) and provided that petitioner would be eligible to take the exam once her two-year probation period in California terminated. Petitioner appealed the Board's decision to the Superior Court, Wake County.

On 16 December 1999 the trial court filed its order affirming the Board's order, concluding that the Board's findings of fact and conclusions of law were supported by competent evidence in the record.

[1] On appeal to this Court, petitioner contends the Board erroneously found that she had committed three acts of misconduct and that the trial court thus erred in affirming the Board's order. Specifically, petitioner argues that the Board's findings are contradicted by the ALD and her testimony before the Board.

This Court employs the whole record test when reviewing decisions of the Board. *See In re Golia-Paladin*, 344 N.C. 142, 149, 472 S.E.2d 878, 881 (1996), *cert. denied*, 519 U.S. 1117, 136 L. Ed. 2d 847 (1997); *In re Legg*, 325 N.C. 658, 669, 386 S.E.2d 174, 180 (1989), *cert. denied*, 496 U.S. 906, 110 L. Ed. 2d 270 (1990); *In re Rogers*, 297 N.C. 48, 64-65, 253 S.E.2d 912, 922 (1979). Under this test there must be "substantial evidence" in support of the Board's findings of fact and conclusions of law. *See Golia-Paladin*, 344 N.C. at 149, 472 S.E.2d at 881; *Legg*, 325 N.C. at 669, 386 S.E.2d at 180; *In re Moore*, 308 N.C. 771, 779, 303 S.E.2d 810, 815-16 (1983). This Court has previously determined that "substantial evidence" is "relevant evidence which a reasonable mind . . . could accept as adequate to support a conclusion." *Golia-Paladin*, 344 N.C. at 149, 472 S.E.2d at 881; *see In re Legg*, 337 N.C. 628, 636, 447 S.E.2d 353, 357 (1994); *Moore*, 308 N.C. at 779, 303 S.E.2d at 815-16. "Under the 'whole record' test we must review all the evidence, that which supports as well as that which detracts from the Board's findings . . . ." *Moore*, 308 N.C. at 779, 303 S.E.2d at 815-16, *quoted in Legg*, 337 N.C. at 636, 447 S.E.2d at 357. " 'It is the function of the Board to resolve factual disputes.' " *Moore*,

308 N.C. at 780, 303 S.E.2d at 816 (quoting *In re Elkins*, 308 N.C. 317, 321, 302 S.E.2d 215, 217, *cert. denied*, 464 U.S. 995, 78 L. Ed. 2d 685 (1983)). Furthermore, in hearings before the Board, "[t]he initial burden of showing good character rests with the applicant." *Legg*, 337 N.C. at 636, 447 S.E.2d at 357 (quoting *Legg*, 325 N.C. at 669, 386 S.E.2d at 180); *see Rogers*, 297 N.C. at 57, 253 S.E.2d at 918. Finally, the whole record test was not designed to allow this Court to replace the Board's judgment with its own when there are two reasonably conflicting views of the evidence. *See In re Elkins*, 308 N.C. 317, 321-22, 302 S.E.2d 215, 217-18, *cert. denied*, 464 U.S. 995, 78 L. Ed. 2d 685 (1983); *Rogers*, 297 N.C. at 65, 253 S.E.2d at 923.

In the instant case the Board found that petitioner had committed three specific acts of misconduct. Each of the three findings below, as found in the Board's order, correlate to a violation of the California Rules which petitioner admitted in her ALD:

20. . . . [petitioner] did willfully aid and abet the unlawful practice of law by delegating to non-lawyer sales representatives the authority to give legal advice and present estate planning information and documents to senior citizens.

. . . .

22. . . . [petitioner] did willfully fail to competently perform services by not properly supervising subordinate staff personnel or monitoring their activities or properly reviewing their work product, resulting in the preparation of inadequate trust documents.

. . . .

24. . . . [petitioner] did willfully fail to disclose to clients that a possible conflict of interest may exist with respect to the professional relationship which she had with the annuities underwriters.

In its order, the Board states that it based these findings on the legal conclusion found in the ALD and on petitioner's testimony before the Board. The ALD contained both findings of fact and an ultimate conclusion of law. The ALD included ten specific findings of fact which, by signing the ALD, petitioner acknowledged to be true. Under the conclusion of law, the ALD contained an unequivocal admission that petitioner had violated California Rules 1-300(A), 3-110(A), and 3-310.

Notwithstanding petitioner's execution of the ALD, in which she admitted wrongdoing, petitioner maintains that contradictory evidence before the Board renders its findings of fact erroneous. The Board, in its order, states that petitioner "did willfully fail to disclose to clients that a possible conflict of interest may exist with respect to the professional relationship which she had with the annuities underwriters." Petitioner notes, however, that the ALD provides that her "only client was . . . Alliance." Likewise, in her statements before the Board, petitioner continued to profess that Alliance was her only client.

Our review of the whole record reveals that, in her testimony before the Board, petitioner admitted that her employer, Alliance, was a group of closely held companies which included *both* an insurance company and an estate-planning company. Further, at the hearing, petitioner conceded that she reported directly to the owners of Alliance, who ultimately controlled both the insurance and the estate-planning entities. Likewise, she testified that a form letter in the packet of legal documents sold to consumers of the estate-planning unit had her signature affixed thereon and identified her as an "attorney at law." Finally, the ALD that petitioner signed contained a statement admitting violation of rule 3-310 of the California Rules, which specifically prohibits representation of adverse interests.

Nonetheless, we agree with petitioner that the Board's findings that she committed the specific acts of misconduct at issue arguably conflict with statements made by her at the hearing and with factual findings in the ALD. The Board, however, may elect to reject in whole or in part the statements made by any witness at the hearing. *See Legg*, 337 N.C. at 638, 447 S.E.2d at 358. Moreover, as stated above, the ALD contained the following unequivocal admission:

> The [petitioner] acknowledges that . . . she wilfully violated Rules of Professional Conduct, rule 1-300(A), 3-110(A) and 3-310.

This admission, standing alone, is sufficient to constitute "substantial evidence" in support of the Board's findings of fact and conclusions of law. Therefore, based on the whole record before us, there is "substantial evidence" to support the Board's findings of fact with regard to petitioner's conflict of interest. This same evidence—petitioner's testimony before the Board and the unequivocal ALD admission— also constitutes "substantial evidence" that petitioner committed the other alleged acts of misconduct.

**IN RE GORDON**

[352 N.C. 349 (2000)]

**[2]** Petitioner next contends the Board erroneously found that she did not possess the requisite qualifications of character and general fitness to practice law in North Carolina. Petitioner argues that, even if this Court were to find that the Board's findings of fact and conclusions of law were supported by substantial evidence, nothing in the record warrants the Board's ultimate conclusion that she was unfit to practice law in North Carolina. Petitioner further argues that the California Bar was the appropriate agency to reprimand her for her alleged acts of misconduct, all of which took place in California. She also notes that she was not prohibited from practicing law in California.

Section .0601 of the Admission Rules in this State requires every applicant to prove that he or she possesses the requisite qualifications of good moral character and general fitness entitling one to the high regard and confidence of the public. The applicant has the burden of demonstrating to the Board that she possesses the requisite character. *See Legg*, 337 N.C. at 636, 447 S.E.2d at 357; *Elkins*, 308 N.C. at 321, 302 S.E.2d at 217. The Board has " 'wide freedom to gauge on a case-by-case basis the fitness of an applicant to practice law.' " *Golia-Paladin*, 344 N.C. at 152, 472 S.E.2d at 883 (quoting *In re Griffiths*, 413 U.S. 717, 725, 37 L. Ed. 2d 910, 917 (1973)).

When petitioner executed the ALD, she admitted violating three ethical rules. Furthermore, her testimony showed that she was aware that, by signing the document, she was bound by her admission. When questioned regarding the acts of misconduct, petitioner continued to maintain her innocence notwithstanding her unambiguous admission in the ALD. In any event, there is "substantial evidence" in the record to support the Board's determination that petitioner committed the three acts of misconduct. Therefore, the Board committed no error in its conclusion that petitioner failed to carry her burden of establishing that she possessed the requisite qualifications of character and general fitness for an attorney and counselor-at-law.

Accordingly, we affirm the order of the trial court.

AFFIRMED.