MARY ELLEN TERESA LEDER, Plaintiff v. JOSEPH LEDER, Defendant and JOSEPH LEDER, Plaintiff v. MARY ELLEN TERESA LEDER, Defendant

No. COA03-1007

(Filed 21 September 2004)

**Costs; Discovery— sanctions—failure to comply with discovery order**

The trial court did not abuse its discretion in a divorce case by sanctioning appellant husband under N.C.G.S. § 1A-1, Rule 37 for failure to comply with an order compelling discovery,

because: (1) given the trial court's ability to take judicial notice of the order and appellant's admission that he had refused his attorney's requests to sign appellee's interrogatories and did not intend to sign the interrogatories until they reflected the existence of a prenuptial agreement, the trial court had sufficient evidence on which to base its findings of fact without taking sworn testimony; (2) the trial court addressed the propriety of entering a default judgment and expressly considered the feasibility of lesser sanctions, but concluded these actions would not compel appellant to obey the court order; and (3) entering sanctions to remove the prenuptial agreement issue from the case was the only way to compel appellant to comply with the trial court's order.

Appeal by Joseph Leder from judgment entered 27 March 2003 by Judge Tanya T. Wallace in Union County District Court. Heard in the Court of Appeals 18 May 2004.

*Charles B. Brooks, II, for Mary Ellen Teresa Leder, appellee.*

*John T. Burns, for Joseph Leder, appellant.*

CALABRIA, Judge.

This appeal arises from a trial court order for sanctions against Joseph Leder ("appellant") for failure to comply with an order compelling discovery. We affirm.

On 1 October 1999, Mary Ellen Leder ("appellee") filed an action for divorce from bed and board, post-separation support, permanent alimony, and equitable distribution. Appellant answered the complaint and, as an affirmative defense, introduced a 1986 prenuptial agreement entered into by the parties in New York state. Appellant asserted the prenuptial agreement contained a waiver of maintenance barring appellee's post-separation support and alimony claims.

Appellee initiated discovery. However, appellant failed to answer appellee's interrogatories. Rather, on 9 May 2001, appellant filed an action for an absolute divorce and later amended his complaint to include a request for enforcement of the prenuptial agreement. Appellee responded with a motion to compel discovery. On 25 April 2002, the trial court entered an order compelling discovery, directing appellant to answer interrogatories by 10 May 2002 and produce all requested documents by 13 May 2002. In addition, the trial court

warned appellant that "[d]isobedience of [the] Order [would] be punishable as allowed by the Rules of Civil Procedure for failure to make discovery, and by the contempt powers of [the] Court." On 14 July 2003, the trial court consolidated appellee's and appellant's cases and ordered that no divorce judgment incorporating the prenuptial agreement would be entered until all discovery had been completed and the validity and effect of the prenuptial agreement had been construed and interpreted by the trial court.

When appellant failed to comply with the trial court's first order to compel discovery, appellee filed a second motion to compel discovery, a motion for a protective order, and a motion for sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 37 (2003). On 27 March 2003, the trial court granted all three motions. The trial court sanctions entered pursuant to N.C. Gen Stat. § 1A-1, Rule 37(b), included: (1) entering a default judgment against appellant on the issues of post-separation support and permanent alimony, with the amount and duration to be determined later; (2) striking all references to the prenuptial agreement in the pleadings; and (3) barring the use of any evidence or reference to the prenuptial agreement in any trial between the parties or decree entered by any court. We note, although interlocutory in nature, "an order imposing sanctions under Rule 37(b) is appealable as a final judgment." *Smitheman v. National Presto Industries*, 109 N.C. App. 636, 640, 428 S.E.2d 465, 468 (1993).

Appellant first asserts that the trial court erred by basing its findings of fact, in the "Order Regarding Sanctions," not on sworn testimony but on the oral argument of appellee's counsel and of appellant, *pro se.* This Court has long held that "a court may take judicial notice of earlier proceedings in the same cause." *In re Byrd*, 72 N.C. App. 277, 279, 324 S.E.2d 273, 276 (1985); N.C. Gen. Stat. § 8C-1, Rule 201 (2003). In addition, "[s]tatements of a party to an action, spoken or written, have long been admissible against that party as an admission if it is relevant to the issues and not subject to some specific exclusionary statute or rule." *Karp v. University of North Carolina*, 78 N.C. App. 214, 216, 336 S.E.2d 640, 641 (1985); N.C. Gen. Stat. § 8C-1, Rule 801(d) (2003). In the instant case, the trial court had before .it the 25 April 2002 order compelling discovery and could take judicial notice of the order's findings of fact, conclusions of law, and decrees. Moreover, appellant admitted to the trial court that he had refused his attorney's requests to sign appellee's interrogatories and did not intend to sign the interrogatories until they reflected the existence of the prenuptial agreement. Given the trial court's

ability to take judicial notice and appellant's admission, the trial court had sufficient evidence on which to base its findings of fact without taking sworn testimony.

Appellant next asserts that the trial court abused its discretion by failing to consider lesser sanctions before entering sanctions directed to the outcome of the case. In pertinent part, N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) provides that:

> If a party . . . fails to obey an order to provide or permit discovery, . . . a judge of the court in which the action is pending may [sanction the party by] mak[ing] such orders in regard to the failure as are just, and among others the following:
>
> . . .
>
> b. An order refusing to allow the disobedient party to support or oppose designated claims or defenses, *or prohibiting him from introducing designated matters in evidence*;
>
> c. *An order striking out pleadings or parts thereof*, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party*[.]

(Emphasis added). A trial court's choice of sanctions under Rule 37 will not be reversed on appeal absent an abuse of discretion. *Brooks v. Giesey*, 106 N.C. App. 586, 592, 418 S.E.2d 236, 239 (1992). In *Benfield v. Benfield*, 89 N.C. App. 415, 423, 366 S.E.2d 500, 505 (1988), this Court found no abuse of discretion in striking "defendant's pleadings and prohibit[ing] him from supporting his contentions in regard to . . . equitable distribution . . . [after] [d]efendant wilfully disregarded [two] order[s] of the trial court . . . to provide further answers to the questions posed during [a] deposition." Similar to the defendant in *Benfield*, appellant wilfully disregarded two trial court directives requiring completion of discovery.

Moreover, the trial court expressly questioned and heard arguments specifically addressing the propriety of (1) entering a default judgment against appellant with respect to post-separation support and permanent alimony, (2) striking all references to the prenuptial agreement, and (3) barring the use of any evidence or reference to the prenuptial agreement in future proceedings. The trial court also expressly considered the feasibility of lesser sanctions. Two days later the trial court concluded in its order the following:

[T]he imposition of a lesser sanction than that of entering a default judgment [against appellant] on the issue of post-separation support and permanent alimony; and striking any allegation in [appellant's] divorce complaint or his answer and counterclaim regarding any alleged or purported prenuptial agreement, forbidding him from introducing any evidence of the existence of any prenuptial agreement or mentioning the same, and ordering the same not be incorporated in any divorce decree entered in this matter would not compel [appellant] to obey this Order or further orders of the Court and the imposition of any lesser sanctions is unwarranted.

We find no abuse of discretion.

Appellant finally asserts that several of the trial court's findings of fact and three of its conclusions of law were not supported by substantial evidence. This Court must determine "whether [the] trial court's findings of fact are supported by substantial evidence . . . [and] if the trial court's factual findings support its conclusions of law." *Shipman v. Shipman*, 357 N.C. 471, 475, 586 S.E.2d 250, 254 (2003). " 'Substantial evidence' [is] relevant evidence which a reasonable mind . . . could accept as adequate to support a conclusion." *In re Golia-Paladin*, 344 N.C. 142, 149, 472 S.E.2d 878, 881 (1996).

Appellant assigns error to the trial court's findings of fact twelve, seventeen, eighteen, twenty-three, twenty-nine, thirty, and thirty-two. Findings of fact seventeen, twenty-three, and twenty-nine, in sum, state appellant's conduct and demeanor made it clear that he did not intend to comply with the trial court's order compelling discovery, except upon terms acceptable to him and that sanctions against him were required. As discussed above, the evidence tended to show appellant refused to sign the interrogatories and persisted in this refusal despite his attorney's requests and the trial court's order.

Findings of fact eighteen, thirty, and thirty-two, in pertinent part, state that the trial court "considered all sanctions allowed by Rule 37," including "entering lesser sanctions," but "these would not compel [appellant] to obey the Order of the Court." Again, as discussed above, the trial court during the hearing and prior to entering the order considered lesser sanctions. Further, appellant's stated reason for refusing to answer appellee's interrogatories, in violation of the

**LEDER v. LEDER**

[166 N.C. App. 498 (2004)]

trial court's order, was that he would not sign the interrogatories unless they contained reference to the prenuptial agreement. Thus, on these facts, the trial court had sufficient evidence to find: (1) appellant's contentions concerning the prenuptial agreement were his basis for refusing to comply with the trial court's order compelling discovery and (2) entering sanctions to remove the prenuptial agreement issue from the case was the only way to compel appellant to comply with the trial court's order.

Finding of fact twelve, in pertinent part, states that "while [appellant] produced some documents, it [was] unclear whether [appellant] produced all of the documents requested, and [appellant] failed to produce said documents in the manner required by the rules of civil procedure. . . ." It was undisputed that appellant delivered a large number of documents to appellee's counsel. Appellant asserted he properly complied with the document request. Appellee's counsel argued appellant had not properly complied under the rules of civil procedure but failed to enter evidence supporting his argument. Accordingly, finding of fact twelve was not supported by sufficient evidence. However, striking finding of fact twelve does not affect the sufficiency of the remaining findings of fact to support the trial court's conclusions of law.

Appellant assigns error to conclusions of law three, five, and six, which state, in sum, that a lesser sanction would not compel appellant to obey the prior order or any future orders of the trial court and would be insufficient to mitigate the prejudice to appellee from appellant's refusal to obey the law and comply with the orders of the trial court. Findings of fact seventeen, eighteen, twenty-three, twenty-nine, thirty, and thirty-two were supported by sufficient evidence and with the unchallenged findings of fact are sufficient to support the challenged conclusions of law. For the foregoing reasons, we affirm the trial court's order of sanctions.

Affirmed.

Judges WYNN and STEELMAN concur.