H. P. LAING v. LIBERTY LOAN COMPANY OF SMITHFIELD AND ALBEMARLE

No. 795DC743

(Filed 1 April 1980)

**Rules of Civil Procedure § 37— refusal to produce documents—sanctions—striking of answer—default judgment**

        In plaintiff attorney's action to recover contingent legal fees based on amounts collected on judgments obtained by plaintiff on 37 loans made by defendant loan company, the trial court did not err in sanctioning defendant pursuant to Rule 37(b)(2)c by striking defendant's answer and entering default judgment for plaintiff in the amount prayed for in the complaint where plaintiff sought through interrogatories to discover the amounts and dates of payments on the loans; defendant answered for all but 11 of the loans that "no monies were paid"; defendant provided an amount paid for each of the other 11 loans and stated whether the loan was refinanced, settled or charged off as a bad debt; plaintiff thereafter served on defendant a request for production of documents in which plaintiff sought to examine the "original note, security agreement and ledger cards of the note or notes" for each of the loans in question; defendant answered that the documents were unavailable because its local office had closed; plaintiff sought and obtained a court order to produce these documents to which defendant made no response; and at the sanctions hearing, defendant's attorney made the unverified statement on oral argument that the business documents sought, which were no more than four years old, were no longer in existence.

Laing v. Loan Co.

ON writ of *certiorari* to review proceedings before *Rice,
Judge.* Judgment entered 2 March 1979 in District Court, NEW
HANOVER County. Heard in the Court of Appeals 27 February
1980.

Plaintiff, a North Carolina attorney, instituted this action on
8 April 1978 against defendant, a former client, for breach of a
contract to pay legal fees. Plaintiff alleged a contract to file suits
and collect judgments on thirty-seven loans made by defendant
totaling $30,326.43. Plaintiff maintains he obtained these
judgments and that his fee would be a one-third contingent fee on
all sums collected against the judgments. Plaintiff further alleged
requests for accountings on the sums collected on the judgments
which defendant continued to refuse to provide him. Defendant
answered the complaint on 28 June 1978 wherein the allegations
of plaintiff were "admitted in part." The answer failed to state
which allegations were admitted and which were denied.

On 5 July 1978, plaintiff served interrogatories on defendant
wherein he requested the "amounts and dates of all sums paid to
the defendant" on the loans on which plaintiff alleged he had ob-
tained judgments. Defendant filed an answer to interrogatories
more than a month later which contained the following introduc-
tory statement.

In answer to the Interrogatories, the following is the
best information available. The local office of Liberty Loan,
Inc. was closed during the month of August, 1976 and most of
the files at that time were removed. The work done by the
Plaintiff was issued from that office.

Thereafter, defendant stated "[n]o monies were paid," as to
twenty-five of the accounts on which information was sought. For
the other eleven interrogatories, defendant provided an amount
paid and whether it was refinanced, settled or charged off as a
bad debt. Defendant admitted more than $4,000.00 had been col-
lected.

On 18 July 1978, plaintiff served a request for production of
documents upon defendant pursuant to Rule 34 in which plaintiff
sought to examine the "original note, security agreement, and
ledger cards or cards of the note or notes" on each loan in ques-
tion in this suit. In response to this request for production of

documents, defendant, on 9 August 1978, filed a response in which it stated,

> The attached is the best information available in answer to the Mandatory Request for Production of Documents by the Plaintiff. The Wilmington office of the defendant was closed in August 1976 and the records on the inactive accounts have been unavailable since then.
>
> . . .
>
> No other information is available on these accounts; however, prior to the Wilmington office closing, files on each of the accounts were always available to the Plaintiff.

Defendant produced information on some of the accounts, but for twenty-five, it merely stated "[i]nformation not available." These were the same twenty-five accounts on which defendant had earlier maintained in answers to interrogatories that "[n]o monies were paid." Plaintiff filed a motion for an order pursuant to Rule 37 to compel defendant to produce the documents he had earlier requested on the accounts for which defendant had made only the statement that information was not available and for several others where the information provided was incomplete. Defendant filed no response to plaintiff's Rule 37 motion. The motion was heard on 11 September 1978, and an order was entered requiring defendant to produce twenty-nine sets of documents sought by plaintiff. A specific time and place for production was provided in the order as well as a warning of sanctions pursuant to Rule 37 if the order was not heeded. Defendant did not produce the documents as ordered by the court or make any other response to the court's order.

Plaintiff also filed a request for admission on 25 August 1978. Plaintiff requested, among other things, admissions concerning the material allegations of the complaint on the contract for services and defendant's refusal to comply with its terms. No response whatsoever was ever filed by defendant to these requests for admissions.

On 1 February 1979, plaintiff made a motion for sanctions by the court pursuant to Rule 37(b)(2)c for defendant's refusal to produce. At the hearing on the motion for sanctions, defendant's at-

torney made the statement that the documents could not be produced because they had been destroyed but offered no testimony or other evidence of this. Plaintiff noted in his own behalf that he had made repeated requests since 1975 to defendant to provide the information now sought through this unheeded court order to produce documents. For this failure to comply with a discovery order, the trial court sanctioned defendant by striking its answer and entering default judgment for plaintiff in the amount prayed for in the complaint. From this judgment, defendant appeals.

*Harold P. Laing, for plaintiff appellee.*

*Richard M. Pearman, Jr., for defendant appellant.*

VAUGHN, Judge.

The issue raised by this case is whether the trial court acted properly in striking defendant's answer and entering judgment by default. We hold the trial court properly applied the discretionary powers of sanction for discovery abuse provided in Rule 37 of the North Carolina Rules of Civil Procedure.

Plaintiff has alleged performance of a contract to provide legal service, and defendant has never really denied this contract and its performance. To prove his damages, plaintiff would have to show money was collected on the thirty-seven judgments he obtained. Business records and documents consisting of notes, security agreements and payment cards held by defendant could provide this information. He sought this information through discovery procedures. To his interrogatories seeking the amounts and dates of payments on the loans, for all but eleven of the loans, defendant answered "[n]o monies were paid." Then, when the documentary evidence for those loans on which "[n]o monies were paid" was sought through voluntary production, the information sought became unavailable. Plaintiff sought and obtained a court order to produce these documents to which defendant made no response. At the sanctions hearing, defendant's attorney made the unverified statement on oral argument that the business documents sought which were no more than four years old were no longer in existence. Upon these circumstances, the trial court invoked one of the most severe sanctions pursuant to Rule 37 which provides in pertinent part the following.

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or Rule 35, a judge of the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> c. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

G.S. 1A-1, Rule 37(b)(2)c. The trial court has issued an order pursuant to section (a) of Rule 37 which was ignored. The trial court sanctioned defendant for this. The rule provides that the trial court "may make such orders in regard to the failure as are just. . . ." G.S. 1A-1, Rule 37(b)(2). The issue is whether the trial court abused its discretion and entered an unjust order striking defendant's answers and entering default judgment for plaintiff.

The rule is very flexible and gives a broad discretion to the trial judge. *Telegraph Co. v. Griffin*, 39 N.C. App. 721, 251 S.E. 2d 885, *cert. den.*, 297 N.C. 304, 254 S.E. 2d 921 (1979). If a party's failure to produce is shown to be due to inability fostered neither by its own conduct nor by circumstances within its control, it is exempt from the sanctions of the rule. The rule does not require the impossible. It does require a good faith effort at compliance with the court order. *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed. 2d 1255 (1958). In the case at hand, defendant made no good faith effort to comply with the order. No protective order was sought pursuant to G.S. 1A-1, Rule 26(c) against discovery of the material. No response was made by defendant to the motion seeking an order to produce, and the order itself was ignored. All these procedures are provided to benefit defendant. It took advantage of none of them. Defendant's own inactions and not the actions of the court in enforcing its own valid processes resulted in a failure to have the case heard on the merits or any deprivation or loss of property. There is no showing that defendant was punished for failure to do something it could not do. Defendant's counsel's unverified, unsworn statement at

oral argument is insufficient response to an order to produce. The general replies originally made to interrogatories and requests for production also present insufficient excuses for not heeding the order. Amplification and explanation is needed as to why no information on all but eleven of the thirty-seven accounts is the best information available. *See Norman v. Young*, 422 F. 2d 470 (10th Cir. 1970); Shuford, N.C. Practice § 37-10 (1975).

We also note that we have an incomplete record of the case before us. The default judgment was based in part on a request for admissions filed by plaintiff pursuant to G.S. 1A-1, Rule 36 which defendant had not admitted or denied. The trial court deemed the matters admitted as defendant had neither answered nor objected to the request. This request for admissions was not included in the record on appeal but was made a part of defendant's petition for certiorari which was allowed after defendant let his time for perfecting the appeal expire. On examination, these admissions by defendant have more of an impact than his refusal to produce the documents. By failing to respond, he has admitted every essential element of plaintiff's claim except the actual amount plaintiff is entitled to for his services.

In summary, we discern no abuse of discretion on the part of the trial court. Rather, we are presented with a defendant who committed dilatory, inconsiderate and reprehensible abuse of the discovery process for which it was justly sanctioned. Defendant was not denied due process of law.

Affirmed.

Chief Judge MORRIS and Judge ARNOLD concur.