BRENDA D. BENFIELD v. GERALD BENFIELD

No. 8725DC290

(Filed 5 April 1988)

1. **Appeal and Error § 16— appeal entries—subsequent discovery sanctions—trial court not divested of jurisdiction**

   The trial court in a divorce and equitable distribution action was not divested of jurisdiction to impose sanctions for failing to answer discovery questions where defendant had given notice of appeal after an earlier order requiring defendant to answer the questions and pay plaintiff's attorney fees; the trial judge signed appeal entries but later vacated those appeal entries in a

written order in which he found the appeal to be interlocutory; and another district court judge found defendant in contempt for failing to comply with the earlier discovery order, ordered defendant's pleadings stricken, and ordered that defendant not be allowed to support his contentions regarding equitable distribution or defend plaintiff's allegations. The order compelling discovery and granting attorney fees was interlocutory and not properly appealable, and the attempted appeal was a nullity.

**2. Rules of Civil Procedure § 37— discovery order—no abuse of discretion**

The trial court did not abuse its discretion in an action for divorce and equitable distribution by ordering defendant to give more complete answers to discovery questions where there was no showing that defendant was ordered to provide information he could not produce; defendant gave the same answers even though the judge had previously found those evasive; the ownership of an insurance agency, the subject of the questions, was well within the scope of discovery; there was no contention by defendant that the material was privileged; and defendant did not seek a protective order against discovery of the material. N.C.G.S. § 1A-1, Rule 37(a)(3). N.C.G.S. § 1A-1, Rule 26(b)(1).

**3. Rules of Civil Procedure § 37; Attorneys at Law § 7.5— motion to compel discovery—movant's attorney fees as sanction—insufficient findings**

In an action for divorce and equitable distribution, the court was required by N.C.G.S. § 1A-1, Rule 37(a)(4) to order defendant to pay plaintiff's attorney's fees for the attorney's efforts in the filing and hearing of a motion to compel discovery where the answers of the deponent were evasive, there was no evidence that the attorney fees would be unjustified, and no evidence of other circumstances that would make an award unjust; however, the order contained no findings of fact to support any conclusion that the fees were reasonable and was vacated and remanded.

**4. Rules of Civil Procedure § 37— sanctions for failure to comply with discovery—no abuse of discretion**

The trial court did not abuse its discretion in a divorce and equitable distribution action by striking defendant's pleadings and prohibiting him from supporting his contentions in regard to the issue of equitable distribution where defendant willfully disregarded the order of the court to provide further answers, was given a second opportunity, and again disregarded the court's order. Given the fact that defendant was allowed a second opportunity to answer but disregarded the court's order, there was no injustice in entering sanctions relating to the subject matter of the questions. N.C.G.S. § 1A-1, Rule 37(b)(2).

APPEAL by defendant Gerald Benfield from *Greene, Jr. (Daniel), Judge.* Orders entered 15 August 1986 and 19 November 1986 in District Court, CALDWELL County. Heard in the Court of Appeals 1 October 1987.

*Michael P. Baumberger for plaintiff-appellee.*

*Wilson and Palmer, P.A., by William C. Palmer, for defend-ant-appellant.*

GREENE, Judge.

This is an action for divorce and equitable distribution. The Court found the defendant-husband in "indirect criminal contempt" for failure to comply with certain discovery requests. Defendant appeals.

Pursuant to a valid notice, plaintiff scheduled a deposition of defendant for 25 February 1986. On that day, plaintiff contended defendant "failed or refused to answer, or gave evasive or incomplete answers to numerous questions . . . ." On 21 July 1986, pursuant to plaintiff's motion to compel discovery and for sanctions, Judge Oliver Noble, Jr. ordered defendant to answer certain questions asked during the deposition and further ordered defendant to pay $200 to plaintiff's lawyer for attorney's fees in bringing the motion. On or about 28 July 1986, defendant tendered supplemental answers. On 29 July 1986, plaintiff filed a motion requesting sanctions contending the defendant had "willfully, and without just cause, failed and refused once more" to answer some of the same questions.

On 15 August 1986, Judge Samuel Tate again ordered defendant to answer the questions and ordered defendant to pay $250 in attorney's fees to plaintiff's lawyer. Defendant then gave notice of appeal. On 15 August 1986, Judge Tate signed appeal entries allowing defendant sixty days to prepare and serve a proposed record on appeal. On 20 August 1986, Judge Tate vacated these appeal entries in a written order in which he found the appeal to be interlocutory. On or about 11 September 1986, plaintiff moved the district court to require defendant "to appear and show cause why he should not be held in contempt" for failing to answer the questions and pay the attorney's fees assessed in the previous order. On 9 October 1986, defendant tendered his proposed record on appeal to plaintiff. Plaintiff objected in writing to defendant's record on appeal because the appeal entries had been vacated. On 14 November 1986, defendant requested a hearing before the trial judge for the purpose of settling the record on appeal. On 20 November 1986, Judge Daniel Greene, Jr. found defendant in con-

tempt for failing to comply with the earlier order. Judge Greene's order stated in part:

> 2. That the defendant shall not be allowed to support his contentions with regard to the issue of equitable distribution of marital property nor to defend against the plaintiff's allegations as to equitable distribution of marital property in this action. This provision shall not prevent the defendant from appearing or offering evidence with regard to the issue of Divorce but shall only apply to the issue of equitable distribution.
>
> 3. That the pleadings of the defendant regarding his contentions as to equitable distribution are hereby stricken.

Defendant appeals from this contempt order and the imposition of sanctions.

———

The issues presented are: I) whether the first notice of appeal divested the trial court of jurisdiction to subsequently order sanctions against defendant; and II) (A) whether the trial court erred on 15 August 1986 in ordering defendant to answer the tendered questions in the deposition, (B) whether the trial court erred on 15 August 1986 in ordering defendant to pay plaintiff's attorney's fees, and (C) whether the trial court erred on 20 November 1986 in entering sanctions against defendant.

I

**[1]** Defendant argues his first notice of appeal on 15 August 1986 divested the trial court of jurisdiction to enter further orders regarding his failure to answer questions asked at the deposition.

As a general rule, an order compelling discovery is not immediately appealable because it is interlocutory and does not affect a substantial right which would be lost if the ruling is not reviewed before final judgment. *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E. 2d 806, 807, *disc. rev. denied*, 318 N.C. 505, 349 S.E. 2d 859 (1986). However, our Courts have held where a party is adjudged to be in contempt for noncompliance with a discovery order or has been assessed with certain other sanctions, the order is immediately appealable since it affects a substantial right un-

Benfield v. Benfield

der N.C.G.S. Secs. 1-277 (1986) and 7A-27(d)(1) (1983). *See Willis v. Duke Power Co.*, 291 N.C. 19, 30, 229 S.E. 2d 191, 198 (1976) (when civil litigant adjudged in contempt for failure to comply with discovery order, the order is immediately appealable); *Adair v. Adair*, 62 N.C. App. 493, 495, 303 S.E. 2d 190, 192, *disc. rev. denied*, 309 N.C. 319, 307 S.E. 2d 162 (1983) (striking defendant's answer for noncompliance with discovery requests affected a substantial right and was immediately appealable); *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 554-55, 353 S.E. 2d 425, 426 (1987) (order compelling discovery not appealable unless it is enforced by sanctions pursuant to Rule 37(b) which affect a substantial right).

The order from which defendant first appealed contained no enforcement sanctions. It only ordered defendant to answer the questions by a certain date. The portion of the order requiring defendant to pay the attorney's fees of plaintiff is authorized by N.C.G.S. Sec. 1A-1, Rule 37(a)(4). This order granting attorney's fees is interlocutory, as it does not finally determine the action nor affect a substantial right which might "be lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *J. & B. Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E. 2d 812, 815 (1988); *cf. Bell v. Moore*, 31 N.C. App. 386, 388, 229 S.E. 2d 235, 237 (1976) (order staying collection of costs for depositions was interlocutory where final judgment on costs would be entered at termination of the second suit or upon expiration of the statute of limitations).

As the order from which defendant first appealed was not properly appealable, the "attempted appeal was a nullity, notwithstanding [that] the Judge signed the appeal entries . . . ." *Cox v. Cox*, 246 N.C. 528, 532, 98 S.E. 2d 879, 883 (1957). The trial court's signing of the appeal entries did not grant defendant a right to appeal. *Veazey v. City of Durham*, 231 N.C. 357, 365, 57 S.E. 2d 377, 384, *reh'g denied*, 232 N.C. 744, 59 S.E. 2d 429 (1950). The trial judge "has nothing to do with the granting of an appeal"; he is simply authorized to perform ministerial acts such as "setting the amount of the appeal bond and settling the case on appeal," or executing other duties necessary to perfect an appeal allowed by law. *Id.* at 365, 57 S.E. 2d at 384. *See also Harrell v. Harrell,* 253 N.C. 758, 761, 117 S.E. 2d 728, 730 (1961) ("A Superior Court Judge can neither allow nor refuse an appeal."). Accordingly, the

first appeal of 15 August 1986, did not divest the trial court of jurisdiction to subsequently enter sanctions against defendant. *See Veazey*, 231 N.C. at 364, 57 S.E. 2d at 382-83 (a litigant cannot deprive the superior court of jurisdiction to try and determine a case on its merits by taking an appeal from a nonappealable interlocutory order).

## II

[2] The second appeal of 20 November 1986 is appealable as it seeks relief from an order holding defendant in contempt of court for his failure to comply with a discovery order. *Willis*, 291 N.C. at 30, 229 S.E. 2d at 198. This appeal tests the validity "both of the original discovery order and the contempt order . . . ." As a general rule, orders concerning discovery matters will not be overturned absent a showing of abuse of discretion by the trial court. *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E. 2d 479, 480, *disc. rev. denied*, 293 N.C. 589, 239 S.E. 2d 264 (1977).

## A

In the 21 July 1986 order compelling discovery, the trial judge ordered defendant to answer certain questions posed to him during his oral deposition. The court found the defendant "failed or refused to answer, or gave evasive or incomplete answers to various questions" and that there was no justification for this action. Among the answers the court found evasive included those relating to the ownership of an insurance agency which defendant had started during the course of the marriage. Defendant admitted he was a stockholder and president of the insurance agency, which was incorporated soon after the date of separation. Prior to the time of incorporation, the business had operated as a sole proprietorship.

The questions at issue included:

Q. Where are your stock certificates?

A. I don't know.

Q. Do you know how many shares of stock you own?

A. No, sir, I don't.

Q. Do you know where your corporate books are?

A. No, I don't.

Q. Are there any corporate books?

A. I would assume.

Following the 21 July 1986 order, defendant filed "Supplemental Answers to Deposition" in which he stated his answers to the above questions were the "SAME AS PREVIOUSLY ANSWERED." On 15 August 1986, the trial court again found these answers "evasive in nature" and again specifically ordered defendant to answer the questions.

Rule 37(a)(3) of the Rules of Civil Procedure specifically provides that an evasive or incomplete answer is to be treated as a failure to answer. Defendant argues that he did answer the questions to the best of his knowledge and nothing more is required. Our courts have held that if a party is unable to answer discovery requests because of circumstances beyond its control, it cannot be compelled to answer. *Laing v. Liberty Loan Co.*, 46 N.C. App. 67, 71, 264 S.E. 2d 381, 384, *disc. rev. denied*, 300 N.C. 557, 270 S.E. 2d 109 (1980). A "good faith effort at compliance" with the court order is required of the deponent. *Id.* at 71, 264 S.E. 2d at 384. Here, there was no showing defendant was ordered to provide information he could not produce. Rather than demonstrating a good faith effort at compliance, defendant gave the same answers even though the judge had previously found these evasive. The ownership of the insurance agency, which was unincorporated prior to the parties' separation, was relevant and material to the equitable distribution action and well within the scope of discovery under Rule 26(b)(1). *See Willoughby v. Wilkins*, 65 N.C. App. 626, 642, 310 S.E. 2d 90, 100 (1983) (discovery should facilitate disclosure, prior to trial, of unprivileged, relevant and material information), *disc. rev. denied*, 310 N.C. 631, 315 S.E. 2d 697 (1984). The answers may have been necessary to determine the extent of property which might be classified as marital. There is no contention by defendant that the material was privileged nor did he seek a protective order against discovery of the material pursuant to Rule 26(c). Furthermore, there was no showing that defendant was punished for failure to do something he could not do. *See Laing*, 46 N.C. App. at 71, 264 S.E. 2d at 384.

Given that one of the basic purposes of discovery is to facilitate disclosure of material and relevant information to a lawsuit so as to permit the narrowing of issues and facts for trial, we hold

there was no abuse of discretion by the trial court in finding the answers evasive and incomplete. *See Carpenter v. Cooke*, 58 N.C. App. 381, 384-85, 293 S.E. 2d 630, 632, *cert. denied*, 306 N.C. 740, 295 S.E. 2d 758 (1982). The trial court was within its discretion in ordering the defendant to give more complete answers to the questions. At no time did defendant attempt to justify his non-compliance with the court's orders to provide more complete answers.

B

[3] Defendant also contends the trial court erred in the 15 August 1986 order by awarding $250 to plaintiff's attorney "for his efforts in the filing and hearing" of the motion to compel discovery.

Where a motion compelling discovery is allowed under Rule 37(a)(2), the court shall award the movant "reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." N.C.G.S. Sec. 1A-1, Rule 37(a)(4). The trial court found the answers of the deponent evasive in nature and there was no evidence that attorney's fees would be unjustified. Furthermore, there was no evidence of "other circumstances" that would make an award of expenses unjust. Therefore, an award of attorney's fees to the movant was mandatory. *Kent v. Humphries*, 50 N.C. App. 580, 590, 275 S.E. 2d 176, 183 (in absence of justification, court "required by the mandatory language of Rule 37(a)(4) to order defendant" to pay plaintiff's attorney's fees"), *modified and aff'd*, 303 N.C. 675, 281 S.E. 2d 43 (1981).

However, as Rule 37(a)(4) requires the award of expenses to be reasonable, the record must contain findings of fact to support the award of any expenses, including attorney's fees. *See Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E. 2d 120, 125 (1987). The findings should be consistent with the purpose of the subsection which is not to punish the noncomplying party, but to reimburse the successful movant for his expenses. *See* 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* Par. 37.02 [10-1] at 37-47 (2d ed. 1987). The trial court simply awarded attorney's fees in the amount of $250. The order contained no findings of fact to support any conclusion that the fees were reasonable. Therefore,

the award of attorney's fees is vacated and remanded for findings to support the award.

## C

**[4]** Defendant finally argues the sanctions order filed 20 November 1986 was too severe in that it struck defendant's pleadings and prohibited him from supporting his contentions in regard to the issue of equitable distribution. Defendant contends the sanctions amounted to an abuse of discretion.

"[I]f the court acted properly in compelling defendant to answer, upon his failure to do so the court had authority to impose sanctions." *Stone v. Martin*, 56 N.C. App. 473, 475, 289 S.E. 2d 898, 900, *disc. rev. denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982). Though somewhat severe, both the striking of pleadings or parts of pleadings and prohibiting a disobedient party from supporting certain claims are sanctions specifically authorized by Rule 37 (b)(2). Defendant willfully disregarded the order of the trial court to provide further answers. Defendant was given a second opportunity and again disregarded the court's order. Over eight months passed between the date of the deposition and the order of contempt. In the interim, defendant was twice ordered to provide further answers to the questions posed during the deposition. Rule 37(b)(2) gives the trial judge the power to make orders for sanctions "as are just." Given the fact that defendant was allowed a second opportunity to answer but disregarded the court's order, we clearly see no injustice in entering sanctions related to the subject matter of the questions. Therefore, the trial court's order of sanctions did not constitute an abuse of discretion. *Martin v. Solon Automated Servs., Inc.*, 84 N.C. App. 197, 201, 352 S.E. 2d 278, 281 (1987) (trial court given broad discretion in regard to sanctions), *disc. rev. denied*, 319 N.C. 674, 356 S.E. 2d 789.

## III

Accordingly, the orders of the trial court dated 15 August 1986 and 20 November 1986 are affirmed, except as to the award of attorney's fees in the 15 August 1986 order which is vacated and remanded for findings supporting the award amount.

Affirmed in part and remanded.

Judges PHILLIPS and COZORT concur.