ATLANTIC VENEER CORPORATION, Plaintiff v. NATALIE K. ROBBINS, Defendant

No. COA98-1224

(Filed 15 June 1999)

### 1. Discovery— failure to comply—sanctions

The trial court did not abuse its discretion by dismissing defendant's answer for failing to comply with discovery orders where there was no showing that defendant was ordered to provide information which she could not reasonably produce; defendant continued to provide evasive and incomplete answers, despite orders compelling discovery and continuances granted to enable her to comply; and the court indicated in its order that it had considered less severe sanctions. N.C.G.S. § 1A-1, Rule 37(d).

### 2. Damages— judgment—supported by evidence

There was no error in an action to recover money embezzled where the answer was stricken for discovery violations, the court awarded damages in the amount of $250,000, and defendant contended that the amount was not supported by the evidence. The answer having been stricken, the allegations of the complaint are deemed to have been admitted and plaintiff's evidence, the admitted allegations, and defendant's failure to testify or offer other evidence combined to support the court's findings. Defendant will not be heard to argue on appeal that plaintiff's evidence was insufficient, having failed to produce evidence to the contrary at trial or in response to discovery orders.

### 3. Appeal and Error— facts not in record—arguments not supported by authority

Arguments which were based upon facts not contained in the record or which were unsupported by authority were overruled. Appellate review is limited to those things which appear in the record on appeal and assignments of error in support of which no reason or argument is stated or authority cited are deemed abandoned.

### 4. Appeal and Error— cross-assignment of error—not an alternative legal ground

Cross-assignments of error relating to the amount of damages awarded by the trial court were not considered where plaintiff sought to increase the damage awards rather than

provide an alternative legal ground supporting the judgment. N.C. R. App. P. 10(d).

Appeal by defendant from judgment entered 8 June 1998 by Judge Russell J. Lanier, Jr., in Carteret County Superior Court. Heard in the Court of Appeals 18 May 1999.

*Mason & Mason, P.A., by L. Patten Mason, for plaintiff-appellee.*

*Wheatly, Wheatly, Nobles & Weeks, P.A., by C.R. Wheatly, III, for defendant-appellant.*

MARTIN, Judge.

This case is before this Court for the third time. Plaintiff, Atlantic Veneer Corp., brought this action on 2 February 1995 to recover money allegedly embezzled from it by defendant's husband, a former employee, and subsequently fraudulently transferred to defendant. Judge Ragan denied defendant's motion to dismiss; upon defendant's appeal to this Court, the order denying the motion to dismiss was affirmed. *Atlantic Veneer Corp. v. Robbins*, COA95-906 (21 May 1996) (unpublished).

Plaintiff subsequently moved for an order compelling defendant to respond to previously served interrogatories and requests for production of documents. By order dated 30 September 1996, Judge Ragan granted plaintiff's motion, finding, *inter alia*:

11. The Court, having reviewed the interrogatories and request for production of documents and the defendant's response thereto, finds in fact that the defendant's answers are incomplete, evasive, and evidence a disregard for the obligations required by the North Carolina Rules of Civil Procedure as the same relates to answering interrogatories and producing documents.

Defendant was ordered to fully comply with discovery within thirty days and was ordered to pay plaintiff's attorney's fees. Upon defendant's failure to comply with the discovery order, plaintiff moved for sanctions pursuant to G.S. § 1A-1, Rule 37(b)(2), requesting that the court strike the answer for the continued failure to completely answer the discovery requests.

Judge Cobb heard the motions for sanctions at the 28 April 1997 session, found that defendant's responses to discovery did not

comply with the previous discovery order, and entered an order providing:

> The Court further determines that the answers which have now been provided are still evasive, incomplete, and the defendant has not produced the documents required. The Court further determines, in its discretion, that the appropriate sanction to be applied for the defendant's failure to comply is an order striking out the defendant's answer and rendering judgment by default against the defendant.
>
> The Court further in its discretion delays implementation of this order until the 23rd day of June, 1997, at which time this Order shall become final unless defendant shall have provided the plaintiff the following discovery: . . . .

Judge Cobb enumerated nine specific discovery requests to which defendant was required to fully respond.

Defendant thereafter requested, and was granted, two continuances in order to have additional time to comply with the discovery orders. The matter was next heard on 18 August 1997 by Judge DeRamus, who found that defendant still had not produced the documents or completely answered the interrogatories. Judge DeRamus noted that "the defendant has filed no motion for protective order and has not produced or provided any evidence from which the Court can determine that the defendant's failure to comply with Judge Ragan and Judge Cobb's orders has been justified." In an order dated 21 August 1997, Judge DeRamus concluded that:

> 2. The defendant's failure to comply with the orders of Judge Ragan and Judge Cobb shows a willful, intentional and egregious abuse of the orders of this Court without any justification being provided by defendant for her conduct.
>
> 3. Judge Cobb, in his previous order had indicated that it was his intention to strike the defendant's answer and to enter judgment by default.
>
> 4. The Court has considered lesser sanctions but does not deem them appropriate in this case.
>
> 5. The Court, having reviewed the entire file and heard the arguments of counsel, is of the opinion that it is appropriate in this case to enter sanctions which strike the defendant's answer and to enter default as to the defendant . . . .

ATLANTIC VENEER CORP. v. ROBBINS

[133 N.C. App. 594 (1999)]

Defendant again appealed to this Court, challenging the order striking her answer and entering default. By order dated 26 February 1998, her appeal was dismissed as interlocutory and she was ordered to pay plaintiff's attorney's fees and the costs of the appeal.

The matter was remanded to the superior court for a determination of attorney's fees. Judge Ragan entered an order on 24 March 1998 requiring defendant to pay $1,100 in attorney's fees for the improper appeal.

On 8 June 1998, Judge Lanier entered a final judgment against defendant in the amount of $250,000. The judgment stated:

2. By entry of a default in this matter, the Defendant has admitted the allegations as contained in the complaint.

3. The failure of the defendant to take the stand to testify as to facts particularly within her knowledge and directly affecting her is a "pregnant circumstance" from which this court may consider such failure as a basis for the conclusion that the Defendant knowingly received money from her husband which she knew he had embezzled from Atlantic Veneer Corporation.

4. The Defendant's failure to produce documents and evidence showing the source of her funds is likewise considered by the court as evidence of the fact that the Defendant knowingly received money from her husband which she knew he had embezzled from Atlantic Veneer Corporation.

Defendant again appeals, asserting the trial court erred by striking her answer and by entering a judgment against her in the amount of $250,000.

I.

Plaintiff has moved to dismiss the appeal on the grounds defendant has failed to pay the $1,100 attorney's fee imposed as a sanction by this Court for the previous frivolous appeal. A failure to comply with prior orders of this Court subjects defendant's current appeal to dismissal. Plaintiff also suggests that we dismiss defendant's current appeal as frivolous pursuant to N.C.R. App. P. 34.

In addition, defendant's appellate brief violates Rules 26(g) and 28(b)(2) of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 26(g), as interpreted by *Lewis v. Craven Regional Medical Center*, 122 N.C. App. 143, 468 S.E.2d 269 (1996), requires a font size

of 65 characters per line. Defendant's brief contains a compressed font size, ranging from 76-80 characters per line. Rule 28(b)(2) requires a separate statement of the "Questions Presented." Defendant has violated this rule by including in this section only one of the several questions presented in her brief. The appellate courts of this State have long and consistently held that the Rules of Appellate Procedure are mandatory and that failure to follow these rules will subject an appeal to dismissal. *See Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999). Nevertheless, we exercise the discretion granted us by N.C.R. App. P. 2 and consider defendant's appeal on the merits.

## II.

**[1]** In the context of discovery, Rule 37(d) provides that sanctions may be imposed if a party fails "to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories or . . . to serve a written response to a request for inspection [of documents] submitted under Rule 34." N.C. Gen. Stat. § 1A-1, Rule 37(d) (1998); *Cheek v. Poole*, 121 N.C. App. 370, 465 S.E.2d 561, *cert. denied*, 343 N.C. 305, 471 S.E.2d 68 (1996). However, if a party is unable to answer discovery requests because of circumstances beyond its control, an answer cannot be compelled. *Benfield v. Benfield*, 89 N.C. App. 415, 366 S.E.2d 500 (1988); *Laing v. Liberty Loan Co.*, 46 N.C. App. 67, 264 S.E.2d 381, *disc. review denied*, 300 N.C. 557, 270 S.E.2d 109 (1980). A "good faith effort at compliance" with the court order is required of the deponent. *Benfield* at 421, 366 S.E.2d at 504. " 'The choice of sanctions under Rule 37 lies within the court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion.' " *Vick v. Davis*, 77 N.C. App. 359, 361, 335 S.E.2d 197, 199 (1985), *affirmed*, 317 N.C. 328, 345 S.E.2d 217 (1986) (quoting *Routh v. Weaver*, 67 N.C. App. 426, 429, 313 S.E.2d 793, 795 (1984)). In addition to striking the disobedient party's pleadings and entering a default, the court is authorized, among other sanctions, to "require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)(e); *Vick, supra.*

Here, there is no showing in the record that defendant was ordered to provide information which she could not reasonably produce. Moreover, rather than demonstrating a good faith effort at compliance, defendant continued to provide evasive and incomplete

**ATLANTIC VENEER CORP. v. ROBBINS**

[133 N.C. App. 594 (1999)]

answers, despite orders compelling discovery and continuances granted to enable her to comply, establishing a pattern of evasion. Under these circumstances, we cannot say that the decision of the trial court to dismiss the answer was manifestly unsupported by reason. This Court has repeatedly refused to reverse dismissals entered under similar circumstances. *Cheek v. Poole, supra; Silverthorne v. Coastal Land Co.*, 42 N.C. App. 134, 256 S.E.2d 397, *disc. review denied*, 298 N.C. 300, 259 S.E.2d 302 (1979); *Hammer v. Allison*, 20 N.C. App. 623, 202 S.E.2d 307, *cert. denied*, 285 N.C. 233, 204 S.E.2d 23 (1974); *Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 362 S.E.2d 868 (1987). Moreover, the trial court indicated in its order, as it must, that it considered less severe sanctions. *Foy v. Hunter*, 106 N.C. App. 614, 418 S.E.2d 299 (1992). The decision of the trial court to strike defendant's answer and enter default is therefore affirmed.

III.

**[2]** Next, defendant contends the amount of the judgment is not supported by the evidence. We disagree.

When a trial court sits as the trier of fact, the court's findings and judgment will not be disturbed on the theory that the evidence does not support the findings of fact if there is any evidence to support the judgment, even though there may be evidence to the contrary. *See Wachovia Bank of North Carolina, N.A. v. Bob Dunn Jaguar, Inc.*, 117 N.C. App. 165, 450 S.E.2d 527 (1994). In addition, the failure of a party in a civil case to take the stand and contradict evidence affecting him may be considered a "pregnant circumstance" to consider when making an award against that party. *Jacobs v. Locklear*, 65 N.C. App. 147, 150, 308 S.E.2d 748, 750 (1983), *affirmed*, 310 N.C. 735, 314 S.E.2d 544 (1984) (" 'That he failed to go upon the stand [in a *civil* case] and contradict evidence affecting him so nearly was a pregnant circumstance which the jury might well consider, and which counsel, within proper limits, might call to their attention.' " (quoting *Hudson v. Jordan*, 108 N.C. 10, 12-13, 12 S.E. 1029, 1030 (1891)).

In the present case, since defendant's answer was stricken, the allegations of plaintiff's complaint, including those with respect to damages, are deemed to have been admitted. "Such judicial admissions have 'the same effect as a jury finding and [are] conclusive upon the parties and the trial judge.' " *Webster Enterprises, Inc. v. Selective Ins. Co. of the Southeast*, 125 N.C. App. 36, 41, 479 S.E.2d 243, 247 (1997) (quoting *Buie v. High Point Associates Ltd. Partnership*, 119 N.C. App. 155, 158, 458 S.E.2d 212, 215 (1995)). In

addition, defendant offered documents and exhibits demonstrating that defendant received over $250,000 which was embezzled by her husband. Plaintiff's evidence, the admitted allegations of plaintiff's complaint, and defendant's failure to testify or offer other evidence combine to support the trial court's findings regarding plaintiff's damages. Defendant, having failed to produce evidence to the contrary, either at trial or in response to discovery orders, will not be now heard to argue on appeal that plaintiff's evidence was insufficient. This assignment of error is overruled.

IV.

[3] The remaining arguments in defendant's brief rely upon facts not contained in the record or are unsupported by any authority. Appellate review is limited to those things which appear in the record on appeal, N.C.R. App. P. 9(a); assignments of error in support of which no reason or argument is stated or authority cited, are deemed abandoned, N.C.R. App. P. 28(b)(5). Defendant's remaining assignments of error are, therefore, overruled.

V.

[4] In its brief, plaintiff has attempted to argue two cross-assignments of error relating to the amount of damages awarded by the trial court. N.C.R. App. P. 10(d) permits an appellee, without taking an appeal, to cross-assign as error an act or omission of the trial court which deprives the appellee of an alternative legal ground for supporting the judgment in its favor. *Carawan v. Tate*, 304 N.C. 696, 286 S.E.2d 99 (1982). Plaintiff's cross-assignments of error do not provide an alternative legal ground supporting the judgment; rather plaintiff seeks to increase the damages awarded in the judgment.

> In their cross-assignment of error, plaintiffs do not present an alternative basis in law for supporting the judgment. Instead, plaintiffs contend that the trial court erred in refusing to set aside the jury verdict as too small. Therefore, the plaintiffs' contention is not properly before this Court. The proper method to have preserved this issue for review would have been a cross-appeal.

*Cox v. Robert C. Rhein Interest, Inc.*, 100 N.C. App. 584, 588, 397 S.E.2d 358, 361 (1990). Thus, plaintiff's contentions have not been preserved for review and we decline to consider them.

Affirmed.

Judges GREENE and WYNN concur.