IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-41

 No. COA19-537

 Filed 2 March 2021

 New Hanover County, No. 14 CVS 2740

 PORTERS NECK LIMITED, LLC, Plaintiff,

 v.

 PORTERS NECK COUNTRY CLUB, INC., Defendant.

 Appeal by defendant from order entered 11 December 2018 by Judge Andrew

 T. Heath in New Hanover County Superior Court. Heard in the Court of Appeals 10

 February 2021.

 Randolph M. James, P.C., by Randolph M. James and Kyle Martin, and Wall
 Babcock LLP, by Kelly A. Cameron for plaintiff-appellee.

 Gordon Rees Scully Mansukhani, LLP, by Robin K. Vinson and Thomas B.
 Quinn, pro hac vice, and Ward and Smith, P.A., by Alexander C. Dale, for
 defendant-appellants.

 TYSON, Judge.

¶1 Porters Neck Country Club, Inc. (“Defendant”) appeals from order of the trial

 court awarding attorney’s fees. We affirm in part, vacate in part, and remand.

 I. Background

¶2 Defendant was formed on 24 June 1991 to operate Porters Neck Country Club

 near Wilmington. Porters Neck Limited, LLC (“Plaintiff”), successor-in-interest to
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 Porters Neck Limited Partnership, was formed on 4 October 1991 to own, develop,

 and sell real property located within the Porters Neck Plantation residential

 community. Plaintiff is owned by Porters Neck Company, Inc. Plaintiff and

 Defendant entered into a Subscription Agreement on 6 September 1991. The

 Subscription Agreement provided for the transfer of management and control of the

 Defendant entity from Plaintiff to Defendant’s shareholders and members upon the

 occurrence of stated terms and conditions.

¶3 Plaintiff developed the country club and maintained control of Defendant until

 12 March 2004, when all parties entered the Porters Neck Country Club Turnover

 Agreement (“Turnover Agreement”). The Turnover Agreement conveyed ownership

 of the club to Defendant’s shareholders and control thereof was transferred to its

 membership, provided minimum sale prices for various categories of memberships,

 were maintained and Defendant made payments from sales of memberships to

 Plaintiff.

¶4 On 26 October 2005, Plaintiff and Defendant entered into a Memorandum of

 Understanding (“MOU”), which increased membership fees and payments to Plaintiff

 from sales of memberships. Plaintiff alleged the increases in amounts payable to

 Defendant under the MOU have expired, but the membership rate increase had not.

¶5 On 7 September 2007, Plaintiff and Defendant entered into an Amendment to

 the Turnover Agreement (“Amendment”) that temporally permitted the sale of
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 memberships at prices below those required in the Turnover Agreement. The

 Amendment also contained a proportional decrease in the payments due Plaintiff

 from the sale of the memberships. Plaintiff alleged this agreement has expired.

¶6 Plaintiff alleged Defendant continued to sell memberships at the reduced

 prices and making the reduced payments to Plaintiff under the expired Amendment.

 Plaintiff further alleged they have not received any payments from Defendant since

 13 August 2014.

¶7 Plaintiff filed an action alleging breach of contract, unfair and deceptive trade

 practices, and tortious interference with contract, and sought an accounting, an

 injunction against continued breach, and asserted punitive damages on 4 August

 2014. Plaintiff and Defendant have been involved in discovery since then. By Order

 Dismissing Appeal filed 6 December 2017, Plaintiff’s only remaining claim is for

 breach of contract.

¶8 During discovery, Plaintiff filed a motion to compel discovery of email

 correspondence and meeting minutes. The trial court granted Plaintiff’s motion to

 compel in part on 30 November 2016. Defendant did not file an appeal nor request

 for the denied motion to be calendared. On 12 December 2016, Defendant filed a

 motion for reconsideration pursuant to North Carolina Rule of Civil Procedure 59,

 which was denied at hearing. See N.C. Gen. Stat. § 1A-1, Rule 59 (2019).

¶9 Plaintiff’s counsel sent Defendant’s counsel a letter outlining alleged discovery
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 deficiencies and its non-compliance on 12 April 2018 and moved for sanctions on 9

 May 2018.

¶ 10 The parties and the trial court held a status conference, wherein Plaintiff’s

 counsel brought the court’s attention to the ongoing discovery disputes, and alleged

 Defendant was not in compliance with the 30 November 2016 order to compel.

 Defendant’s counsel represented to the trial court the discovery Defendant had

 produced and asserted Plaintiff had accepted the documents.

¶ 11 The parties reconvened for trial on 30 July 2018, the trial court held pretrial

 hearings on motions in limine and Plaintiff’s motion to compel. During this hearing,

 while the jury pool waited in the courthouse, Defendant produced approximately 200

 pages designated as “Club’s Response to Developer’s Verified Motion.” The response

 was dated 11 June 2018, but that date was crossed out and the date 30 July 2018 was

 handwritten over it. The certificate of service was asserted service by hand or by

 first class mail to Plaintiff on 11 June 2018. The trial court released the jury pool

 and continued the case to allow Plaintiff time to review the documents.

¶ 12 On 8 October 2018, the trial court granted Plaintiff’s motion for sanctions

 pursuant to North Carolina Rules of Civil Procedure 11 and 37 for Defendant’s failure

 to comply with the 30 November 2016 production order. See N.C. Gen. Stat. § 1A-1,

 Rules 11 & 37 (2019). The trial court ordered Defendant to pay the reasonable costs

 and expenses, including attorney’s fees, related to its failure to comply and for the
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 existing delay.

¶ 13 The trial court did not set the amount of fees and expenses at the time and

 required additional evidence to determine the amount due. On 5 November 2018,

 Defendant filed a notice of appeal of the order.

¶ 14 On 8 November 2018, the trial court heard arguments and awarded Plaintiff

 $15,120.50 in attorneys’ fees and expenses under Rule 37 and $33,570.00 under Rule

 11 on 28 December 2018. Defendant filed another appeal on 2 January 2019. On 30

 September 2020, Plaintiff filed a motion to dismiss both of Defendant’s appeals to this

 Court, which was referred to this panel for review by order entered 3 November 2020.

 II. Jurisdiction

 A. Interlocutory order and appeal

¶ 15 Based upon Plaintiff’s referred motion to dismiss, we first address whether

 Defendant’s appeal is properly before this Court. Defendant concedes its appeal is

 interlocutory and asserts the trial court was divested of jurisdiction based on its 5

 November 2018 notice of appeal.

¶ 16 “Where a party appeals from a nonappealable interlocutory order, however,

 such appeal does not deprive the trial court of jurisdiction, and thus the court may

 properly proceed with the case.” RPR & Associates, Inc. v. Univ. of N.C.-Chapel Hill,

 153 N.C. App. 342, 347, 570 S.E.2d 510, 514 (2002) (citations omitted).

¶ 17 By ordered entered 19 February 2019, our Court dismissed Defendant’s appeal
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 of the initial 8 October 2018 order as interlocutory. “[A]n order compelling discovery

 is not immediately appealable because it is interlocutory and does not affect a

 substantial right which would be lost if the ruling is not reviewed before final

 judgment. Benfield v. Benfield, 89 N.C. App. 415, 418, 366 S.E.2d 500, 502 (1988)

 (citations omitted).

¶ 18 The trial court retained jurisdiction to enter the 28 December 2018 sanctions

 order.

 B. Substantial Right

¶ 19 Defendant further contends its appeal affects a substantial right. Our Supreme

 Court has defined “[a]n interlocutory order [as] one made during the pendency of an

 action, which does not dispose of the case, but leaves it for further action by the trial

 court in order to settle and determine the entire controversy.” Veazey v. City of

 Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted).

¶ 20 This Court has added: “As a general proposition, only final judgments, as

 opposed to interlocutory orders, may be appealed to the appellate courts.” Hamilton

 v. Mortg. Info. Servs., Inc., 212 N.C. App. 73, 77, 711 S.E.2d 185, 188 (2011) (citations

 omitted). “Appeals from interlocutory orders are only available in exceptional

 circumstances.” Id. (citation and internal quotation marks omitted). The reason for

 “[t]he rule against interlocutory appeals seeks to prevent fragmentary, premature

 and unnecessary appeals by allowing the trial court to bring a case to final judgment
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 before its presentation to the appellate courts.” Turner v. Norfolk S. Corp., 137 N.C.

 App. 138, 141, 526 S.E.2d 666, 669 (2000) (citation omitted).

¶ 21 “No hard and fast rules exist for determining which appeals affect a

 substantial right. Rather, such decisions usually require consideration of the facts of

 the particular case.” Estrada v. Jaques, 70 N.C. App. 627, 640, 321 S.E.2d 240, 249

 (1984) (citations and quotation marks omitted). “Whether a substantial right is

 affected usually depends on the facts and circumstances of each case and the

 procedural context of the orders appealed from.” Id. at 642, 321 S.E.2d at 250.

 Turning to the order before us, generally “[t]he order granting attorney fees is

 interlocutory, as it does not finally determine the action nor affect a substantial right

 which might be lost, prejudiced or be less than adequately protected by exception to

 entry of the interlocutory order.” Cochran v. Cochran, 93 N.C. App. 574, 577, 378

 S.E.2d 580, 582 (1989).

 C. Sanctions

¶ 22 An order for sanctions may be immediately appealed if it affects a substantial

 right under N.C. Gen. Stat. §§ 1-277 or 7A-27(b)(3)(a) (2019). A substantial right is

 invoked when the sanction ordered is a substantial sum and is immediately payable.

 See Estate of Redden ex rel. Morely v. Redden, 179 N.C. App. 113, 116-17, 632 S.E.2d

 794, 798 (2006) (“The Order appealed affects a substantial right of [the] Defendant .

 . . by ordering her to make immediate payment of a significant amount of money;
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 therefore this Court has jurisdiction over the Defendant’s appeal pursuant to N.C.

 Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d) [2005].” (citations omitted)),

 remanded on other grounds, 361 N.C. 352, 649 S.E.2d 638 (2007); N.C. Gen. Stat. §

 7A-27(b).

¶ 23 The trial court ordered Defendant to immediately pay attorneys fees as

 sanctions to Plaintiff totaling in excess of $48,000. Defendant has sufficiently

 established the order affects a substantial right and that interlocutory review is

 appropriate. Plaintiff’s motion to dismiss Defendant’s appeal is denied.

¶ 24 Additionally, Defendant has also filed a conditional petition for writ of

 certiorari requesting we review not only the 28 December 2018 sanctions order but

 also the 30 November 2016 order compelling production and the 8 October 2018 order,

 which found Defendant in violation of the 30 November 2016 order. As we have

 determined Defendant has shown a substantial right to immediately appeal the 28

 December 2018 order, we dismiss that part of the petition as moot. As Defendant

 raises no arguments in briefing to this Court challenging the two prior orders, we

 deny Defendant’s petition seeking review of those two orders. See N.C. R. App. P.

 28(a). Defendant’s conditional petition for writ of certiorari is dismissed as moot in

 part and denied in part.

 III. Issue

¶ 25 Defendant argues the trial court erred in awarding sanctions pursuant to
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 North Carolina Rules of Civil Procedure 11 and 37. N.C. Gen. Stat. § 1A-1, Rules 11

 and 37.

 IV. Rule 37 Sanctions

¶ 26 In this appeal, as noted above, Defendant does not raise arguments challenging

 either the 30 November 2016 order compelling production or the 8 October 2018 order

 in which the trial court made the initial determination to impose sanctions. Rather,

 in this appeal, Defendant argues the trial court erred in awarding $15,120.50 in

 attorney fees pursuant to North Carolina Rule of Civil Procedure 37 in the 28

 December 2018 order.

 A. Standard of Review

¶ 27 The imposition of sanctions under North Carolina Rule of Civil Procedure 37

 for a party failing to comply with discovery requests and the trial court’s decisions “is

 a matter within the sound discretion of the trial court and cannot be overturned on

 appeal absent a showing of abuse of discretion.” Burns v. Kingdom Impact Glob.

 Ministries, Inc., 251 N.C. App. 724, 729, 797 S.E.2d 21, 25 (2017) (citing Bumgarner

 v. Reneau, 332 N.C. 624, 631, 422 S.E.2d 686, 690 (1992).

¶ 28 “An abuse of discretion may arise if there is no record evidence which indicates

 that [a] defendant acted improperly, or if the law will not support the conclusion that

 a discovery violation has occurred.” Butler v. Speedway Motorsports, Inc., 173 N.C.

 App. 254, 264, 618 S.E.2d 796, 803 (2005) (citations omitted).
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 B. Analysis

¶ 29 North Carolina Rule of Civil Procedure 37(b)(2) provides:

 Sanctions by Court in Which Action is Pending. —If
 a party or an officer, director, or managing agent of a party
 or a person designated under Rule 30(b)(6) or 31(a) to
 testify on behalf of a party fails to obey an order to provide
 or permit discovery, including an order made under section
 (a) of this rule or Rule 35, or if a party fails to obey an order
 entered under Rule 26(f) a judge of the court in which the
 action is pending may make such orders in regard to the
 failure as are just, and among others the following:

 ...

 In lieu of any of the foregoing orders or in addition thereto,
 the court shall require the party failing to obey the order to
 pay the reasonable expenses, including attorney’s fees,
 caused by the failure, unless the court finds that the failure
 was substantially justified or that other circumstances
 make an award of expenses unjust.

 N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2019).

¶ 30 “[A] broad discretion must be given to the trial judge with regard to sanctions.”

 Batlle v. Sabates, 198 N.C. App. 407, 417, 681 S.E.2d 788, 795 (2009) (citations and

 internal quotation marks omitted). This Court further stated, “[a] trial court does

 not abuse its discretion by imposing a severe sanction so long as that sanction is

 among those expressly authorized by statute and there is no specific evidence of

 injustice.” Id. at 417, 681 S.E.2d at 795 (citations and internal quotation marks

 omitted).

¶ 31 On appellate review, “where the record on appeal permits the inference that
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 the trial court considered less severe sanctions, this Court may not overturn the

 decision of the trial court unless it appears so arbitrary that it could not be the result

 of a reasoned decision.” Badillo v. Cunningham, 177 N.C. App. 732, 734, 629 S.E.2d

 909, 911, aff’d per curiam, 361 N.C. 112, 637 S.E.2d 538 (2006).

¶ 32 The trial court made the following unchallenged findings of fact in its 8 October

 2018 sanctions order:

 1. During the course of this matter, discovery disputes
 arose between the parties. After multiple hearings and
 conference calls regarding those disputes, [the trial court]
 entered an Order dated 26 November 2016 and entered 30
 November 2016[.]

 ...

 14. On 12 April 2018, counsel for Plaintiff corresponded
 with counsel for Defendant outlining ongoing discovery
 issues and Defendant’s non-compliance with [the trial
 court’s] Order.

 15. On 17 April 2018, counsel for Plaintiff again
 corresponded with counsel for Defendant outlining
 discovery issues, Defendant’s non-compliance with the [the
 trial court’s] Order, and a sense of urgency given the
 upcoming trial date.

 16. On 9 May 2018, Plaintiff filed their Motion to Compel
 alleging that [Defendant] had failed to comply with [the
 trial court’s] November 2016 Order, among other things.

 ...

 19. During the 24 July 2018 status conference, Counsel for
 Plaintiff directed the Court’s attention to the ongoing
PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

discovery disputes, Plaintiff’s Motion to Compel, and
contended that the Defendant was not in compliance with
[the trial court]’s Order because Defendant had failed to
produce items the Order compelled them to produce.

20. During the 24 July 2018 status conference, Counsel for
Defendant took an opposite position and represented to the
court that Defendant had produced, and Plaintiff had
accepted, the items that Plaintiff contended Defendant had
failed to produce. Defendant further represented to the
Court that they would be prepared for trial as scheduled.
Specifically, Counsel for Defendant stated, “I take issue
with these discovery issues. I’m going to hand up to you
when we have that hearing, the [d]ate-stamped number
where the documents that they claim we haven’t produced
to them, I’ve got the [d]ate-stamped number where they
accepted it, they just don’t know they had it or they haven’t
looked. And so it’s not flippant that I haven’t gone out of
my way to educate people on that, I don’t need to I don’t
believe. So when we convene next week, I would hope that
those issues might be able to get resolved before Monday,
that would be good. But if not, I guess we tee that up and
then a jury would come in probably Tuesday afternoon or
Wednesday, something like that.

...

24. Contrary to counsel for Defendant’s statements to the
Court on 24 July 2018 that Defendant would provide
[d]ate-stamped copies showing Plaintiff’s receipt of all
documents, the responsive pleading included a section
entitled “Documents Subject to Motion for
Reconsideration” which outlined the Defendant’s basis for
refusing to produce[.]

...

26. The undersigned finds that the certificate of service for
Defendant’s responsive pleading was originally dated June
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 11, 2018 (the previously scheduled trial date), but over the
 top of the June 11 date is written July 30, 2018 (amending
 the certificate of service to reflect the most recent trial
 date). The undersigned finds that Defendant purposefully
 delayed tendering responsive documents and the
 responsive pleading such that it would cause surprise and
 delay. The Court finds that this tactic did cause surprise
 and did delay the trial in this matter.

¶ 33 The trial court further found the 26 November 2016 order remained valid,

 Defendant continues to willfully withhold the documents despite being compelled,

 and Defendant had the ability to comply with the order. Defendant does not challenge

 these findings, which are binding upon appeal. See Koufman v. Koufman, 330 N.C.

 93, 97, 408 S.E.2d 729, 731 (1991).

¶ 34 The trial court’s findings of fact support the conclusion that Defendant

 continued to violate the 30 November 2016 discovery order. Defendant has failed to

 show the trial court abused its discretion by granting Plaintiff’s motion for sanctions.

 That portion of the trial court’s order is affirmed.

 V. Rule 37 Award of Attorney’s Fees

¶ 35 Defendant further argues the trial court lacked evidence to award fees and

 costs. North Carolina follows the “American Rule” with regards to awards of

 attorney’s fees against an opposing party. Ehrenhaus v. Baker, 243 N.C. App. 17, 23-

 25, 776 S.E.2d 699, 704-05 (2015). Applying the “American Rule”, our Supreme Court

 held each litigant is required to pay its own attorney’s fees, unless a statute or
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 agreement between the parties provides otherwise. In re King, 281 N.C. 533, 540,

 189 S.E.2d 158, 162 (1972).

¶ 36 Over thirty years ago, this Court held: “Rule 37(a)(4) requires the award or

 expenses to be reasonable, [and] the record must contain findings of fact to support

 the award of any expenses, including attorney’s fees. The findings should be

 consistent with the purpose of the subsection, which is not to punish the

 noncomplying party, but to reimburse the successful movant for his expenses.”

 Benfield, 89 N.C. App. at 422, 366 S.E.2d at 504 (citations omitted).

¶ 37 The following year after deciding Benfield, this Court listed the required

 findings, “in order for the appellate court to determine if the statutory award of

 attorneys’ fees is reasonable the record must contain findings of fact as to the time

 and labor expended, the skill required, the customary fee for like work, and the

 experience or ability of the attorney.” Cotton v. Stanley, 94 N.C. App. 367, 369, 380

 S.E.2d 419, 421 (1989).

¶ 38 The trial court found in its order awarding attorney’s fees:

 4. Based on the submissions of the parties, Plaintiff’s
 counsel’s stated billable hourly rates are reasonable and
 are in keeping with the usual and customary fees charged
 by other attorneys of similar experience, skills and practice
 areas in the New Hanover County legal community.

 5. Based on the submissions of the parties as well as the
 time expended by the Court during the court’s
 consideration of Plaintiff’s motion to compel, [trial court]’s
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 Order and Plaintiff’s motion for sanctions, the court finds
 that the time and labor expended and expense incurred by
 Plaintiff addressing Defendant’s deficient discovery and
 the necessary interventions of this Court were reasonable
 and necessary to prosecute Plaintiff’s claims.

 6. After reviewing the submissions of the parties, the court
 finds that the amount of $15,120.5 . . . reflects the amount
 of the reasonable expenses incurred, including reasonable
 attorney’ (sic) fees because of the Defendant’s sanctionable
 conduct under Rule 37 as set forth in the Court’s 8 October
 2018 Order.

¶ 39 The trial court found that counsel’s rates were set forth in an affidavit; those

 rates were comparable and reasonable for the work done by others in the legal

 market; the subject matter of the case, and the experience of the attorneys; the

 specific work done by counsel was reasonable and necessary; and the costs incurred

 by Plaintiffs were reasonable and necessary. Defendant challenges and argues these

 findings are not supported by evidence in the record because the court relied only

 upon Plaintiff’s counsel’s self-serving affidavits and conclusory statements.

¶ 40 In WFC Lynwood I LLC v. Lee of Raleigh, Inc., 259 N.C. App. 925, 935, 817

 S.E.2d 437, 444 (2018), this Court vacated and remanded an attorney’s fee award

 based on an affidavit that offered no statement on comparable rates in the field of

 practice and did not offer comparable rates of attorney’s fees at the hearing.

¶ 41 Here, the affidavit does not state a comparable rate by other attorneys in the

 area with similar skills for like work, and it contains a conclusory assertion: “The
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 rates charged by our lawyers and staff are customary rates and are reasonable and

 ordinary for professionals of similar skill and experience practicing in North

 Carolina’s state courts, and are the same rates charged to other clients of the firm for

 similar services.”

¶ 42 Plaintiff submitted insufficient evidence of a comparable fee rate to the trial

 court to show “the customary fee for like work” by others in the legal market to

 support a finding on that point, and to award attorney’s fees. The trial court erred

 by making a finding with respect to “the customary fee for like work” absent evidence

 to support such a finding. See id.

¶ 43 We vacate the order with respect to the amount awarded and remand to the

 trial court. “On remand, the trial court shall rely upon the existing record, but may

 in its sole discretion receive such further evidence and further argument from the

 parties as it deems necessary and appropriate to comply with the instant opinion.”

 Heath v. Heath, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999).

 VI. Rule 11 Attorney’s Fees

¶ 44 Defendant asserts the trial court abused its discretion when it awarded

 sanctions pursuant to North Carolina Rule of Civil Procedure 11. In light of this

 Court’s holding to vacate with respect to the amount awarded and remand for further

 proceedings and findings, the trial court’s award of attorney’s fees pursuant to North

 Carolina Rule of Civil Procedure 11 is also vacated and remanded.
 PORTERS NECK LTD. V. PORTERS NECK COUNTRY CLUB, INC.

 2021-NCCOA-41

 Opinion of the Court

 VII. Conclusion

¶ 45 Defendants interlocutory appeal is properly before us on the award and

 amount of sanctions. We affirm the trial court’s conclusion to award attorney fees for

 Defendant’s discovery violations. We vacate the trial court’s finding of “the

 customary fee for like work” absent comparable evidence of fees charged by others in

 the legal market with similar skills and experience for like work to support such a

 finding. We vacate the sanctions order with respect to the amounts awarded

 pursuant to North Carolina Rules of Civil Procedure 11 and 37 and remand to the

 trial court for further hearing. It is so ordered.

 AFFIREMD IN PART, VACATED IN PART, AND REMANDED.

 Judges INMAN and HAMPSON concur.